ELIZABETH MURRAY *v.* BRIDGEPORT HOSPITAL ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 209923
FAIRFIELD AT BRIDGEPORT

Memorandum filed January 26, 1984

*Brennan, McNamara & Brennan,* for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* for the defendants.

CIOFFI, J. The plaintiff was discharged from employment at the defendant Bridgeport Hospital. The employment contract was for an indefinite duration and was terminable at will. The defendant now moves the court to strike the second count, the fourth count and the fifth count of the plaintiff's complaint.

As a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will, reflecting the view that an employer has the absolute right to run his business as he sees fit. *Somers* v. *Cooley Chevrolet Co.,* 146 Conn. 627, 629, 153 A.2d 426 (1959). In *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 475, 427 A.2d 385 (1980), the court carved out an exception to the employment at will doctrine and held that an "employer [may] be responsible in damages if the former employee can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Consequently, public policy imposes some limits on an employer's unfettered discretion to terminate the employment of someone hired at will. Id., 476. Moreover, by recognizing a cause of action for wrongful discharge, the court set forth the premise that a contractual right, such as an employer's right to discharge his at will employee with or without cause, can be performed in a tortious manner. Id., 475.

The second count alleges that the defendant wrongfully discharged the plaintiff and further alleges that the defendant failed to conduct a job performance evaluation pursuant to an implied contract. The plaintiff, moreover, asserts that "termination" in combination with the defendant's "failure to evaluate" constitutes an intentional tort.

The rule enunciated in *Sheets,* supra, however, is controlling. Contract rights, in the employment at will context, may give rise to tort liability where the discharge contravenes a clear mandate of public policy. *Sheets* v. *Teddy's Frosted Foods, Inc.,* supra, 475. The plaintiff, however, has failed to allege a public policy limitation on the defendant's absolute right to terminate in this instance.

Moreover, the plaintiff's assertion that the defendant's wilful "failure to evaluate" and "termination" taken together constitute an intentional tort is inaccurate. As set forth above, the discharge was not tortious. Consequently, the defendant's act of failing to conduct an "evaluation" must independently give rise to a claim sounding in tort in order for the second count to survive the present motion to strike. The "failure to evaluate" allegation is premised on an implied contract between the plaintiff and the defendant. One authority notes that the fundamental difference between tort and contract lies in the nature of the interests protected. Prosser, Torts (4th Ed.) 592, 613. The duties of conduct giving rise to tort actions "are imposed by law, and are based primarily upon social policy." Id. "Contract actions [however] are created to protect the interest in having promises performed. Contract obligations are imposed because of . . . the parties' manifesting consent, and are owed only to the specific individuals named in the contract." Id. In the present case there was no duty owed by the defendant, apart

from the contract, to perform the "evaluations," and consequently the plaintiff can only maintain an action ex contractu.

Finally, the plaintiff contends that the second count states a cause of action under *Magnan* v. *Anaconda Industries, Inc.,* 37 Conn. Sup. 38, 429 A.2d 492 (1980). The court in *Magnan* held that in employment contracts there is an implied covenant of good faith and fair dealing which may be breached if the conduct of the employer constitutes "an aspect of fraud, deceit or misrepresentation." Id., 41. The *Magnan* court consequently recognizes a new cause of action in contract in the employment at will context. Id., 40, 41; see *Monge* v. *Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974). (*Monge* spawned the rule in *Magnan* and was a contract action.) *Fortune* v. *National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251 (1977) (suit on an implied covenant of good faith is a contract action). The second count, however, alleges intentional tort, whereas the *Magnan* rule is limited to contract actions as found in the first count.

Accordingly, the second count is hereby ordered stricken.

The fourth count reiterates the alleged tort of wrongful discharge that was alleged in the second count. The plaintiff further alleges that her termination was based on her age and/or sex and that the defendant's failure to provide the "Formal Grievance Procedure" was a breach of contract. The express contract which forms the basis of the plaintiff's fourth count is for an indefinite term and terminable at will. The plaintiff construes the termination section of the contract to mean that she can be discharged *only* for "insubordination [or] dishonesty," to imply that the contract is not terminable at will. The plaintiff has misconstrued the section by overlooking the operative language which provides

that "[e]mployees can be discharged without notice and without terminal vacation" for certain enumerated reasons. This section of the contract does not bar the defendant from terminating an employee *with notice* for any reason or for no reason.

Since the contract is terminable at will, *Sheets* is controlling. The plaintiff concedes that when an allegation is made with respect to a protected category under the Fair Employment Practices Act, such as an allegation of age or sex discrimination, the exclusive remedy is in the procedures established by the act, and there is no cause of action for a private lawsuit. Consequently, the plaintiff contends that "the right to enforce express contracts" is an important public policy limitation under *Sheets*. The right to enforce express contracts does not fall within the purview of the *Sheets* doctrine, and an ordinary contract action cannot be transformed into a tort by linking public policy to contract enforcement. In fact, the gravamen of the plaintiff's grievance is properly characterized as a contract action as already set forth in the third count.

Accordingly, the fourth count is hereby ordered stricken.

The fifth count alleges the intentional torts of interference with contract and infliction of emotional distress. Consequently, the alleged torts will be treated seriatim to determine if either tort is legally sufficient.

The plaintiff alleges that two executive supervisors of the defendant hospital interfered with the contractual relationship between the plaintiff and the defendant hospital by failing to conduct a job performance evaluation.

An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his

principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. *Bowman* v. *Grolsche Bierbrouweij B.V.,* 474 F. Sup. 725, 733 (D. Conn. 1979). An agent, however, can be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain. Id. In *Vassardakis* v. *Parish,* 36 F. Sup. 1002, 1004–1005 (S.D.N.Y. 1941), the court held that an officer or employee actuated solely by self-interest could be held liable in tort for inducing his principal to dismiss another employee. Still later, the court in *Bradkin* v. *Leverton,* 32 N.Y. App. Div. 2d 1057, 1058, 303 N.Y.S.2d 1020 (1969), stated that tort liability should be swiftly imposed whenever an officer, director, employee or stockholder induces a breach of contract for private benefit or to satisfy personal feelings against a third party. The Connecticut rule as enunciated in *Bowman* relied on *Bradkin.*

In the fifth count there is no allegation that the individual defendants profited in any way by inducing the alleged breach. Similarly, there is no allegation that the defendant's acts were actuated by personal feelings against the plaintiff. In short, lack of justification is a condition precedent to liability, *Vassardakis* v. *Parish,* supra, 1005. Even a liberal reading of the allegations do not support an inference that the individual defendants took advantage of their relationship with the corporation to divert corporate benefits elsewhere to their own benefit or that they harbored personal feelings against the plaintiff. Consequently, the claim for tortious interference is defective. See *Allison* v. *American Airlines,* 112 F. Sup. 37 (N.D. Okla. 1953) (an express allegation that the defendant personally benefited from his acts, which led to the discharge of the plaintiff, is necessary to state a good cause of action for intentional interference with contract relations in this context).

The fifth count also alleges that the individual defendants wilfully and wantonly failed to conduct a job performance evaluation of the plaintiff with the knowledge that that failure would cause mental distress.

The tort of intentional infliction of emotional distress is recognized in the employment context. *Agis* v. *Howard Johnson Co.,* 371 Mass. 140, 355 N.E.2d 315 (1976). In order for the plaintiff to prevail in a case for liability under this tort, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. *Hiers* v. *Cohen,* 31 Conn. Sup. 305, 329 A.2d 609 (1973); 1 Restatement (Second), Torts § 46.

The defendant moves to strike the plaintiff's allegations by asserting that "[t]he complaint contains no allegations describing actual malice or extremely outrageous conduct." Apparently the defendant means that the "failure to evaluate" is an action which, as a matter of law, could never rise to the level of extremely outrageous conduct. Whether the defendant's actions were extreme or outrageous, however, is a question of fact. *Moore* v. *Greene,* 431 F.2d 584, 591 (9th Cir. 1970). Moreover, the plaintiff's allegations conform to the standard set forth in *United Services Automobile Assn.* v. *Glens Falls Ins. Co.,* 350 F. Sup. 869, 872 (D. Conn. 1972), which provides: "It seems clear under Connecticut law that a cause of action in tort may be created for a plaintiff's emotional distress which is the foreseeable and proximate result of the defendant's intentional, wanton, or wilful wrongful conduct." Accordingly, the fifth count contains allegations adequate to defeat a motion to strike, and thus the motion to strike the fifth count is denied.