Orville Peter POWELL

v.

FEROLETO STEEL COMPANY, INC.

Civ. No. B–86–309 (TFGD).

United States District Court,
D. Connecticut.

Dec. 18, 1986.

Richard J. Pober, Tirola Herring Pober & Lazo, Westport, Conn., for plaintiff.

Gladstone, Schwartz, Baroff & Blum, Matthew B. Woods, Bridgeport, Conn., for defendant.

DALY, Chief Judge:

After a careful review, and over objection, the Magistrate's Proposed Ruling is hereby ADOPTED, APPROVED and RATIFIED.

RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS

JOAN GLAZER MARGOLIS, United States Magistrate.

On July 3, 1986, plaintiff commenced this wrongful termination action against defendants Feroleto Steel Company, Inc. (the "Company") and Frank V. Feroleto, Jr. ("Feroleto"). The cause of action which provides the basis for this Court's jurisdic-

tion is against both defendants and alleges that plaintiff was terminated because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* ("First Cause of Action"). Plaintiff's Second Cause of Action against the Company, based upon pendent jurisdiction, alleges violation of Connecticut's public policy against age discrimination, violation of defendant's implied covenants of good faith and fair dealing, misrepresentation, and tortious interference with plaintiff's contractual rights. Plaintiff's Third Cause of Action, also based upon pendent jurisdiction, is against Feroleto individually, and is identical to plaintiff's Second Cause of Action.

Pending before the Court is defendants' motion to dismiss, filed August 4, 1986, which seeks to dismiss paragraphs 21(a), (b) and (d) of the Second Cause of Action and paragraphs 29(a), (b), and (d) of the Third Cause of Action, for failure to state a claim under Connecticut law. Plaintiff filed a brief in opposition to defendants' motion on September 16, 1986. Oral argument was heard on October 16, 1986. For the reasons set forth herein, defendants' motion is granted.

## DISCUSSION

The paragraphs of plaintiff's complaint of which defendants seek dismissal allege as follows:

The Plaintiff was wrongfully, abusively and tortiously discharged in violation of his rights under the common law of the State of Connecticut, specifically:

(a) the discharge of the Plaintiff violated the public policy of the State of Connecticut in that the Plaintiff was discharged because of his age, in a discriminatory and illegal manner;

(b) the Plaintiff's discharge was effected in violation of covenants of good faith and fair dealing, which were implied by the Defendants in their dealing with the Plaintiff;

\* \* \* \* \* \*

(d) the Defendants' discharge of Plaintiff constitutes a tortious interference with the Plaintiff's contractual rights,

as set forth in the Defendants' employee manuals, personnel policies, procedure manuals, discussion during interviews, conferences and periodic evaluations over the course of his employment.

### A. *Discharge In Violation of Public Policy*

■ Defendants contend that Connecticut law does not recognize a cause of action for wrongful discharge based upon a claim that a discharge caused by age discrimination violates public policy, because plaintiff has an adequate statutory remedy as provided in Conn.Gen.Stat. § 46a–60. Plaintiff disagrees.

The Connecticut courts recognize as an exception to the employment-at-will doctrine a cause of action based upon a termination in violation of an important public policy. *Magnan v. Anaconda Industries, Inc.,* 193 Conn. 558, 572, 479 A.2d 781 (1984) (*"Magnan"*); *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 475, 427 A.2d 385 (1980) (*"Sheets"*). In *Sheets,* the employee was discharged for insisting that his employer comply with Connecticut's Uniform Food, Drug and Cosmetic Act, the violation of which would result in criminal penalties. The Connecticut Supreme Court noted that the employee's sole means of redress was to subject himself to criminal liability. The court held that under these circumstances, the employee could maintain a cause of action for wrongful discharge because such discharge contravened a clear mandate of public policy as expressed in the Act. The court declined to decide, however, "whether violation of the state statute is invariably a prerequisite to the conclusion that a challenged discharge violated public policy." *Sheets,* 179 Conn. at 480, 427 A.2d 385.

Plaintiff here claims that Conn.Gen.Stat. § 46a–60 is a clear expression of Connecticut's public policy against age discrimination and that defendants' violation of such provision is sufficient to allege a cause of action under *Sheets.* Conn.Gen.Stat. § 46a–60 is a comprehensive, remedial statute with its own detailed administrative

enforcement scheme. Given the statutory remedies contained in Conn.Gen.Stat. § 46a–60, Connecticut's federal and state courts generally have not recognized an independent action for wrongful discharge based upon a violation of such statute. *Kelsey v. The Sheraton Corp.*, —— F.Supp. ——, Civil No. H84–1103(MJB) (D.Conn. Aug. 18, 1986), slip op. at 8, citing *Reed v. Product Identification Corp.*, Civil No. H84–9(TEC) (D.Conn. April 26, 1984), *reprinted in* 10 *Conn.L.T.* No. 35, at 7, 8 (Aug. 7, 1984) [Available on WESTLAW, DCT database] (Connecticut would not permit a *Sheets* claim where relief can be obtained through detailed administrative scheme); *Atkins v. Bridgeport Hydraulic Co.*, 5 Conn.App. 643, 648, 501 A.2d 1223 (App.Ct.1985) (statutory remedies under C.G.S. § 46a–60 are sufficient to enforce public policy against age discrimination); *Glassover v. Audiotronics, Inc.*, Dkt. No. 67383 (Super.Ct. Jan. 18, 1984), *reprinted in* 10 *Conn.L.T.* No. 20, at 17, 18 (May 14, 1984) (plaintiff's remedies for a retaliatory discharge based on sex discrimination is provided for by statute and thus plaintiff is precluded from bringing an independent action based on *Sheets* ). *See also Leone v. Burns International Security Services, Inc.*, Civil No. B84–19(PCD) (D.Conn. Jan. 2, 1985), *reprinted in* 11 *Conn.L.T.* No. 29, at 10, 11 (July 22, 1985) [Available on Westlaw, DCT database] (public policy against age discrimination is adequately enforceable by administrative remedies of C.G.S. § 46a–60 and thus judicial recognition of independent cause of action is not warranted); *Murray v. Bridgeport Hospital*, 40 Conn.Supp. 56, 59–60, 480 A.2d 610 (Super. Ct.1984) (same); *Santanella v. Southern New England Telephone Co.*, Dkt. No. 265398 (Super.Ct. Jan. 17, 1983), *reprinted in* 10 *Conn.L.T.* No. 20, at 11 (May 14, 1984) (plaintiff is precluded from maintaining an independent cause of action based on age discrimination because "[t]o expand the cause of action allowed by *Sheets* ...

to encompass the employee protected by existing legislation would be to ignore a legislative mandate."). *But see Anderson v. Wyatt, Inc.*, Dkt. No. 217347 (Super.Ct. Feb. 14, 1984), *reprinted in* 10 *Conn.L.T.* No. 24, at 17, 18 (June 11, 1984) (*Sheets* may be interpreted broadly to include a claim for wrongful discharge based on violation of state law which prohibits discriminatory employment practices despite the administrative remedies provided for by such state law).

Although it does not appear that the Connecticut law recognizes a public policy discharge claim based on age discrimination, this issue is more appropriately left for decision by the state courts. *See Kelsey v. The Sheraton Corp., supra,* slip op. at 8. In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the United States Supreme Court cautioned against deciding unresolved state law issues under the federal court's pendent jurisdiction. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* at 726, 86 S.Ct. at 1139 (footnote omitted). Accordingly, plaintiff's claim that he was discharged in violation of the public policy against age discrimination should be dismissed.

### B. *Breach of An Implied Covenant of Good Faith and Fair Dealing*

Defendants contend that based on the holding in *Magnan, supra,* plaintiff's claim that his discharge constituted a breach of implied covenant of good faith and fair dealing must be dismissed. Plaintiff's contentions to the contrary are totally without merit.[1]

In *Magnan,* the court noted that there is no reason to exempt employment contracts from the implication of a covenant of good

---

1. In fact, the authority cited in plaintiff's brief does not even address the issue raised here but instead establishes that in certain instances, Connecticut courts may recognize a cause of action based upon an implied contract. However, paragraphs 21(b) and 29(b) of the complaint do not state a claim for breach of an implied contract but rather allege a breach of an implied covenant of good faith and fair dealing; the two causes of action are independent of each other.

faith and fair dealing which exists in every contract, but "that a breach of such an implied covenant cannot be predicated simply upon the absence of good cause for a discharge." 193 Conn. at 571, 479 A.2d 781. The court's limited holding stated that where employment is terminable at will, an employer's exercise of its contractual right to discharge would be unenforceable if it were in violation of public policy. *Id.* at 572, 479 A.2d 781. Beyond this, the court "[saw] no reason presently ... to enlarge the circumstances under which an at-will employee may successfully challenge his dismissal." *Id.*

The Connecticut Supreme Court has yet to decide the specific issues here, *i.e.*, whether a plaintiff's claim that his discharge in violation of Connecticut's anti-discrimination statute, Conn.Gen.Stat. § 46a–60, alleges a wrongful discharge action under *Magnan*. However, applying the principles set forth in *Magnan*, Judge Burns held in *Warner v. Safety Electrical Equipment Corp.*, Civ. No. N84–45(EBB) (D.Conn. Oct. 3, 1984) ("*Warner*") [Available on Westlaw, DCT database] that allegations of age and sex discrimination were insufficient to establish a breach of defendant's covenant of good faith and fair dealing. Slip op. at 8–10. *Accord Glassover v. Audiotronics, Inc., supra,* 10 Conn.L.T. No. 20, at 17. As noted in *Warner,* where a wrongful discharge claim is premised upon allegations of discrimination, plaintiff may seek legal recourse through the administrative remedies provided by statute. Thus, the need to provide a remedy, as confronted in *Sheets,* does not arise here.

To the extent that plaintiff claims he was discharged on the basis of fraud, deceit or misrepresentation,[2] this Court is guided by *Connor v. Bridgeport Hospital,* Civ. No. B83–627(EBB) (D.Conn. April 4, 1985) [Available on Westlaw, DCT database] ("*Connor*"). In *Connor,* plaintiff claimed that defendant misrepresented its intention to terminate him by promising not to do so,

and that such misrepresentation was in violation of Connecticut's public policy against fraud, misrepresentation and deceit, thereby giving rise to a cause of action in contract for breach of covenant of good faith and fair dealing. The court distinguished the facts from those in *Magnan* where plaintiff was discharged for refusing to sign a false statement, noting that there is a clear public policy against perjury. In contrast, where an employee alleges that his employer misrepresented its promise not to terminate him, the court would be "reluctant to guess whether Connecticut courts would define these allegations as contravening public policy, thus creating causes of action for both breach of covenant of good faith and fair dealing and the tort of wrongful discharge." Slip op. at 5. This court agrees.

The narrow holding in *Magnan* casts doubt on the possibility that Connecticut would recognize a claim for breach of covenant of good faith and fair dealing based on age discrimination or based on the allegations of fraud and misrepresentation found in plaintiff's complaint. In any event, the court is reluctant to exercise its pendent jurisdiction over unsettled questions of state law. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139. For these reasons, plaintiff's claim for breach of an implied covenant of good faith and fair dealing is dismissed.

### C. *Tortious Interference With Contract.*

Lastly, defendants contend that plaintiff's claim of tortious interference with contractual relations must be dismissed because plaintiff has failed to allege the existence of a contract between him and a third party which was interfered with by defendants. Defendants claim that a defendant cannot tortiously interfere with a contract to which he was a party. Plaintiff contends that even if the court were to accept defendants' contention, plaintiff has nevertheless stated a cause of action because the

**2.** In his brief, plaintiff appears to be claiming that Connecticut law would recognize a contract claim for breach of covenant of good faith and fair dealing where defendant misrepresents its intentions with regard to plaintiff's employ-

ment. However, plaintiff's allegations of fraud and misrepresentation are found in paragraphs 21(b) and 29(b) of the complaint, neither of which are the subject of defendant's motion to dismiss.

contract complained of was between plaintiff and defendant Feroleto's father, Frank Feroleto, Sr. ("Feroletto, Sr."), who was president of the company prior to defendant Feroleto's assumption of presidential duties. The Court finds plaintiff's contentions unpersuasive.

In *Solomon v. Aberman,* 196 Conn. 359, 493 A.2d 193 (1985), the Connecticut Supreme Court recently set forth the elements of a cause of action for tortious interference with a contract:

> The essential elements of such a claim include, of course, the existence of a contractual or beneficial relationship and that the defendant(s), "knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss." *Harry A. Finman & Son, Inc. v. Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 415, 363 A.2d 86 (1975).

196 Conn. at 364, 493 A.2d 193. It is incumbent upon plaintiff, the court noted, to plead and prove that defendants acted with improper motive or improper means. *Id.* at 365, 493 A.2d 193.

In the instant case, plaintiff asks this Court to find that Feroleto's discharge of plaintiff states a claim for tortious interference with plaintiff's employment contract with Feroleto's father, Feroleto Sr. Based on the allegations of plaintiff's complaint, the Court declines to do so. Noticeably absent from plaintiff's complaint are allegations that there was a contractual relationship between plaintiff and Feroleto, Sr., that defendant Feroleto knew of such relationship and that he intentionally interfered with it. Furthermore, the Court notes that even if plaintiff's original contractual relationship had been with the Company and Feroleto, Sr., its president,[3] when defendant Feroleto became president of the Company, plaintiff's employment relationship was also with defendant Feroleto. As a matter of law, Feroleto could not have interfered with plaintiff's employment contract, since he was a party to such contract. *See also Murray v. Bridgeport*

*Hospital, supra,* 40 Conn.Supp. at 60–61, 48 A.2d 610 (two executive supervisors legitimately acting within the scope of their authority could not be held liable for interfering with hospital's employment contract with plaintiff; in absence of allegation that supervisors did not act legitimately within the scope of their duties but rather used the hospital's powers improperly for personal gain, count would be dismissed). Accordingly, plaintiff's claim for tortious interference must be dismissed.

## CONCLUSION

For the reasons discussed above, plaintiff's claims of public policy discharge under *Sheets,* implied covenant of good faith and fair dealing and tortious interference with contract are hereby dismissed.

An amended complaint complying with this recommended ruling shall be filed within ten days of Chief Judge Daly's actions thereon.

*See* 28 U.S.C. Section 636(b); F.R.Civ.P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

---

**3.** In his complaint, however, plaintiff alleges that he was employed by defendants Feroleto Steel Company, Inc. and Frank Feroleto, Jr.

(*See* Complaint ¶¶ 7, 9, 10, 11). There is no reference made to Frank Feroleto, Sr.