[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT THREE
This case arises out of a contract entered into by the plaintiff, Donald Bowers, and the defendants, Marlon Starling and Richard Sorenson, on or about November 4, 1934. The contract provided that Bowers and Sorenson would provide financial backing and management for the boxing career of Starling, and in return, upon Starling becoming a world champion, the three parties would share the profits of a one year option. After expiration of the original contract and an alleged renewal, which took place in November of 1986, the defendant Starling became a world champion.
Count three, in conjunction with count one, of the plaintiff's complaint alleges that after Starling became a world champion the defendants engaged in activities "designed to eliminate the plaintiff, Bowers from the financial reward he was entitled to. . . ." (Count one and three at para. 20). Further, count three attempts to plead a claim, against the defendant Sorenson, for tortious interference with the contractual relationship between Starling and Bowers." (Count three para. 31). In response, the defendant Sorenson filed a motion dated April 15, 1991 to strike counts three and four CT Page 7037 the plaintiff's complaint upon the ground of legal insufficiency. Subsequently plaintiff agreed to withdraw the present count four and file an amended count.
In Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 58
(January 26, 1984, Cioffi, J.), the court stated:
 The duties of conduct giving rise to tort actions "are imposed by law, and are based primarily upon social policy." "Contract actions [however] are created to protect the interest in having promises performed. Contract obligations are imposed because of . . . the parties' manifesting consent, and are owed only to the specific individuals named in the contract."
Further, ". . . an ordinary contract action cannot be transformed into a tort by linking public policy to contract enforcement." Id. at 60. See, Powell v. Feroleto Steel Co., Inc., 659 F. Sup. 303, 306 (D.Conn. 1986) (where the court, in relying upon Murray v. Bridgeport Hospital, stated that "[a]s matter of law, [the defendant] could not have interfered with plaintiff's employment contract, since he was a party to such contract). Id.
No authority cited by the plaintiff establish in Connecticut the existence of a cause of action for tortious interference with contractual relationships against a party to the contract.
Motion to strike the third count of the plaintiff's March 26, 1991 revised complaint is granted.
WAGNER, J.