[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#146)
In order to properly state a cause of action for tortious interference with contractual rights, a party must plead; (1) the existence of a contractual or beneficial relationship; (2) the defendant knowing of that relationship, intentionally sought to interfere; and (3) that the plaintiff has suffered actual loss. Soloman v. Aberman, 196 Conn. 359, 364, 493 A.2d 193
(1985); Harry A. Finman Sons, Inc. v. Connecticut Truck Trailer Service Co., 169 Conn. 407, 415, 313 A.2d 86 (1975).
In the present action, the plaintiff plead the existence of a contractual relationship between himself and the defendants. (Revised Complaint, Sixth Count, Para. 7-10) The plaintiff has also plead that the defendants knew of the relationship between the parties, knew that there was a disagreement, and took the position of advising he defendants to breach the contract. (Revised Complaint, Sixth Count Para. 29). Finally, the plaintiff plead actual damages as a result of the interference of contractual rights. (Complaint Sixth Count, Para 34). The plaintiff has sufficiently plead the essential elements of tortious interference with contractual rights.
The defendants further argue that an agent cannot be held liable for intentionally "interfering with or inducing his principle to breach a contract between his principle and a third party." Murray v. Bridgeport Hospital, 40 Conn. Sup. 56,60-61, 480 A.2d 610 (1984). Moreover, the defendants argue that the only exception to this rule is if the agent used its power for personal gain. Id., 61. However, in the case at issue, the defendant has plead that after the defendant advised the defendants to breach the contract, Attorney Rosenthal continued in his relationship with the defendants. (Revised Complaint, Sixth Count, Para. 35). The plaintiff has plead sufficient facts to raise the issue of personal gain.
The motion to strike the sixth count of the plaintiff's revised complaint is denied. CT Page 8885
WALSH, J.