[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiffs Gary and Marsha Gladstein have alleged in their amended complaint that the defendant Michael Smithlin falsely represented to the plaintiffs that no water leaked into the basement of 32 Heming Way in Stratford in order to induce the plaintiffs to buy the property. In addition to the first count alleging misrepresentation, the second alleges that defendant's actions amount to intentional infliction of emotional distress (Second Count) and a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110b.
The defendant moves to strike the Second and Third Counts. The defendant argues that, even taking the plaintiff's allegations as true for purposes of this motion, inducing someone to purchase a home with a leaky basement is not, as a matter of law, the kind of extreme and outrageous conduct that can support a claim for intentional infliction of emotional distress. See Murray v. Bridgeport Hospital,40 Conn. Sup. 56, 62 (1984).
As to the Third Count, the defendant argues that the plaintiff's allegation of one instance of misrepresentation cannot constitute a CUTPA violation. See Mead v. Burns,199 Conn. 651 (1986).
It would certainly be a rare case in which whatever property loss and inconvenience associated with a leaky basement could create the kind of emotional distress for which a plaintiff deserves compensation. It would be rarer still that a plaintiff could prove that a primary intention of the defendant in inducing the plaintiff to purchase such a real estate was to cause emotional distress in the purchaser, CT Page 8956 as opposed to, say, a primary intention to unload the house for as much money as possible. Nevertheless, that is what the plaintiff has alleged, albeit sketchily and without much delineation in the elements that make up a cause of action for intentional infliction of emotional distress.
As to the CUTPA claim, once again the plaintiff has provided the barest outline of such a claim. Particularly where a claim of affirmative misrepresentation is made, as here, the court declines to find that the seller's conduct in the single transaction of a residential real estate sale cannot constitute a CUTPA violation.
The Motion to Strike is denied.
PATTY JENKINS PITTMAN, JUDGE