[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO STRIKE
The defendants move to strike counts two, five, six and seven of plaintiff's complaint. This action arises out of the plaintiff's termination as First Vice President and General Manager of the Hamilton Standard Federal Credit Union ("HSFCU").
In evaluating a motion to strike all facts well pleaded are admitted and must be considered in the light most favorable to the plaintiff. Ferryman v. Groton, 212 Conn. 138 (1989). "The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a complaint upon which relief can be granted." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
I. COUNT 2 — BREACH OF CREDIT UNION'S CHARTERS AND BYLAWS
In this case the plaintiff generally alleges that certain writings, including the Credit Union's Charter and Bylaws, constituted an employment agreement between himself and the Credit Union and that he was terminated in violation of that agreement. Count 1 of his complaint specifically alleges a breach of contract based on these writings.
Count 2 alleges as an independent cause of action the violation of the same Charter and Bylaws that give rise to his claim of breach of contract in Count 1 of his complaint. Connecticut law is clear that a charter, bylaws and other writings may give rise to an employment contract and that the termination of an employee in violation of the provisions of those writings is actionable under a theory of breach of contract. Owens v. New Britain General Hospital, 32 Conn. App. 56
(1993). Neither Owens nor any authority cited by the plaintiff creates a cause of action based simply on the violation of the terms of a charter, bylaws, regulations or other writings CT Page 10180 giving rise to an implied contract. Such a claim, in any event, is duplicative of a claim for breach of contract. Accordingly, the defendant's Motion to Strike Count 2 of the plaintiff's complaint is granted.
II. Count 5 — Violation of Public Policy
Count 5 of the plaintiff's complaint alleges that he was wrongfully discharged in violation of public policy. The plaintiff cites Federal Credit Union Bylaws, the National Credit Union Act's Federal Credit Union Handbook and the Federal Credit Union Act (12 U.S.C. § 1751 et seq.) in support of a public policy that employees of credit unions, such as the plaintiff, be discharged only for cause and in accordance with certain procedures designed to protect the employee and the integrity of the disciplinary process.
Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475
(1980) sets forth the applicable standard for evaluating a wrongful discharge claim based on a violation of public policy. In that case the court recognized a cause of action for the discharge of an at will employee "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." By way of illustration, the Court indicated that the discharge of an employee "in retaliation for the employee's right to: (1) refuse to commit perjury; (2) file a workmen's compensation claim; (3) engage in union activity" are the types of "cases [that] are supported by mandates of public policy derived directly from the applicable state statutes and constitutions". Id., at 476. Subsequently, in Morris v. HartfordCourant Co., 200 Conn. 676 (1986), the Court concluded that "[a] false but negligently made accusation of criminal conduct as a basis for dismissal is not a demonstrably improper reason for dismissal and is not derived from some important violation of public policy."
While it is doubtful that the plaintiff's allegations in this case would support a finding of "a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy"; Sheets v. Teddy'sFrosted Foods, Inc., supra; for the purpose of surviving a motion to strike, the plaintiff's allegations are sufficient. Gordon v.Bridgeport Housing Authority, supra. CT Page 10181
III. COUNT SIX — NEGLIGENCE
Count six of the plaintiff's complaint alleges that the defendant negligently discharged him in violation of the duty owed to the plaintiff as found in the amalgam of writings which constitute the alleged terms of his contract, viz., the credit union charter and bylaws and applicable federal statutes and regulations. In this count plaintiff seeks to transmute his breach of contract claim into one sounding in negligence. He provides no authority for this proposition. Moreover, such a claim was impliedly rejected in Morris v. Hartford Courant Co., supra, which affirmed the trial court's decision denying the plaintiff's claim based on a "false but negligently made accusation of criminal conduct." 200 Conn. at 679-80 (emphasis supplied). Accordingly, the defendant's motion to strike count six is granted.
IV. COUNT 7 — TORTIOUS INTERFERENCE WITH CONTRACT
Count 7 of the plaintiff's complaint alleges that the individual defendant officers and directors of the credit union tortiously interfered with his employment contract. In Murrayv. Bridgeport Hospital, 40 Conn. Sup. 56, 61 (1984) then Judge Cioffi summarized the elements of a tortious interference claim:
 [a]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. An agent, however, can be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain. . . . [T]here is no allegation that the individual defendants profited in any way by inducing the alleged breach. Similarly, there is no allegation that the defendant's acts were actuated by personal feelings against the plaintiff. In short, lack of justification is a condition precedent to liability.
(Citations omitted).
Paragraph 8.d. of count seven of plaintiff's complaint alleges that the individual defendants "were motivated, in their CT Page 10182 conduct toward the HSFCU and Mr. Ferretti, only to save their own positions with HSFCU." Such an allegation, when construed in the light most favorable to the plaintiff, is sufficient to allege a cause of action based on Murray v. Bridgeport Hospital, supra.
Accordingly, the defendant's motion to strike counts two and six of the plaintiff's complaint is granted. The motion to strike counts five and seven is denied.
SO ORDERED.
Holzberg, J.