[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Margaret Musacchio, has brought an action against the defendants, Cooperative Educational Services (CES) and Jo Ann Shippee, in three counts. In the first count, the plaintiff alleges a breach of contract against CES, in the second count, tortious interference against Shippee, and in the third count, intentional infliction of emotional distress against CES and Shippee. The plaintiff alleges in her complaint that she was employed pursuant to a contract which arose out of the terms of an employee handbook, that her employment was terminated at the instigation of Shippee, and that the termination caused her emotional distress.
The defendants have filed a motion for summary judgment against all three counts of the plaintiff's complaint.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of CT Page 12803 any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (internal quotation marks omitted.) Water and Way Properties v. Colt's Manufacturing Co.,230 Conn. 660, 665, 646 A.2d 143 (1994).
In regard to count one, which sounds in breach of contract, the defendants contend that the employee handbook expressly disclaims that its terms serve as a contract of employment.
The terms of an employee handbook may serve to form an implied contract of employment; however, "[a]bsent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the parties, and an inference of fact." Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 13-15, 662 A.2d 89 (1995).
The "disclaimer" relied upon by the defendants is not definitive language, and therefore, the intention of the parties is a genuine issue of material fact. The defendants also argue that the plaintiff did not rely on the terms of the employee handbook. However, the Appellate Court has recently determined that reliance is not "necessary to support a promise not to discharge without cause." Barry v. Posi-Seal International, Inc.,36 Conn. App. 1, 7, 647 A.2d 1031 (1994). Accordingly, the defendants' motion for summary judgment on count one is denied.
As to count two, the defendants maintain that because Shippee was an agent of CES, she cannot be liable for tortious interference with a contract between CES and the plaintiff.
"An agent, however, can be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain."Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 61 (1984, Cioffi, J.).
The plaintiff has alleged that Shippee terminated the plaintiff's employment in order to hire others who would be loyal CT Page 12804 to Shippee rather than CES. This allegation creates an issue of fact as to whether Shippee was acting within the scope of her duty. The defendants' motion for summary judgment as to count two is denied.
The defendants also argue that the allegations of the plaintiff's complaint do not demonstrate any outrageous conduct, and therefore, the defendants are entitled to summary judgment on count three.
The elements of intentional infliction of emotional distress are "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme or outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Barry v. Posi-Seal International, Inc., supra,36 Conn. App. 19.
The defendants contend that there was no outrageous conduct; however, the deposition transcript of the plaintiff, provided by the defendants, demonstrates that the issue of whether there was outrageous conduct is one of fact. The plaintiff stated in her deposition, "I was upset by the fact that I basically was told I was lying and that was just not the case." The evidence also shows that the altercation between the plaintiff and Shippee took place in the presence of at least one other employee. Whether this rises to the level of outrageous conduct presents a genuine issue of material fact. Accordingly, the defendants' motion for summary judgment as to count three is denied.
D'ANDREA, J.