[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On October 4, 1995, the plaintiff, Jerome Kozera d/b/a Grasmere Sunoco, filed a three-count revised complaint against the defendants, Connecticut Motor Club (Motor Club) and Donald Galaske, an agent of the Motor Club. The complaint alleges the following facts. On September 10, 1993, the plaintiff entered into a written contract with the Motor Club to provide roadside assistance to its members. On several dates prior to June 8, 1994, Galaske informed the Motor Club of the plaintiff's alleged criminal behavior.
On May 27, 1994, the plaintiff's arrest was published in the Fairfield-Citizen News. On June 2, 1994, Earl Seeley, who is in charge of the auto service division, and Patrick Balisano, the administrative assistant to the President of the Motor Club, received copies of the newspaper article. By letter dated June 8, 1994, the Motor Club cancelled the contract with the plaintiff because of the allegations of criminal conduct.
In the first count, the plaintiff alleges that the Motor Club breached the contract by acting recklessly with respect to the CT Page 3900 truth or falsity of the allegations in violation of public policy. In the second count, the plaintiff alleges that Galaske interfered with the contract by informing the Motor Club of the alleged criminal conduct. The plaintiff alleges that such communication was willful and malicious and intended to cause a breach of contract. The plaintiff alleges defamation or libel against Galaske in the third count.
On November 22, 1995, the defendant filed a motion for summary judgment on the first and second counts of the revised complaint and submitted a memorandum of law and several documents in support I of their motion. The plaintiff filed a memorandum of law in opposition to the motion.
"Summary judgment `shall be rendered forthwith if the, pleadings, affidavits and any other proof submitted show that there, is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." (Citations omitted; internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03,663 A.2d 1001 (1995).
A. Motion for Summary Judgment on First Count
The defendants move for summary judgment on the first count, which alleges a breach of contract. They argue that the contract was terminated in accordance with its own terms, which provide for the termination by either party without cause.[1] In support of this argument, the defendants submitted a copy of the contract entered into by both parties. The plaintiff agrees that the contract provides for termination without cause. Nevertheless, the plaintiff argues that the defendants are not entitled to judgment as a matter of law because the termination was in violation of CT Page 3901 public policy. The defendants contend that this public policy exception advanced by the plaintiff is limited to employment contracts and therefore does not apply in this situation.
In support of its argument, the plaintiff relies on Sheets v.Teddy Foods Inc., 179 Conn. 471, 427 A.2d 385 (1980), which created an exception to the general rules governing employment at will. Id, 474. This exception "permit[s] a cause of action for wrongful discharge where the discharge contravenes a clear mandate of public policy." Id. "This public policy exception to the employment at will rule carved out in Sheets attempts to balance the competing interest of employer and employee." Morris v.Hartford Courant Co., 200 Conn. 676, 679, 513 A.2d 66 (1986).
The public policy exception was recognized by the court in the context of a case that involved the wrongful termination of an at will employee. The Morris court at p. 678 characterizes the public policy exception as being a "narrow's one. The public policy exception appears to be applicable exclusively to employment contract cases. NO law has been presented indicating otherwise. Here, the contract at issue is not for employment but rather for an independent contractor. (See especially paragraph 2 of the contract). Accordingly, the public policy exception is not applicable.
The defendant's motion for summary judgment on the first count is granted.
B. Motion for Summary Judgment on the Second Count
The defendants moved for summary judgment on the second count, which alleges tortious interference with the contract by Galaske. They argue that Galaske cannot be held liable for tortious interference with a contract between his principal and a third-party. The plaintiff argues that Galaske can be held liable because he was acting outside the scope of his duties.
"There can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contracts." Multi-Service Contractors Inc. v. Vernon, 193 Conn. 446,451, 477 A.2d 653 (1984) Accordingly, "[a]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in CT Page 3902 tort for breaching its own contract. . . . An agent, however, can be held liable for such interference or inducement if he did no act legitimately within his scope of duty but used the corporate power improperly for personal gain." (Citations omitted) Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 60-61, 480 A.2d 610 (1984).
In the present case, the plaintiff does not contest Galaske's status as an agent of the Motor Club.[2] Rather, the plaintiff argues in its memorandum of law that Galaske acted outside the scope of his duties when he interfered with the contract. The plaintiff argues further that whether Galaske was acting within the scope of his duties raises an issue of material fact and therefore the defendants' motion for summary judgment should be denied.
In Multi-Service Contractors. Inc. v. Vernon, supra, 193 Conn. 446, the plaintiff alleged that the defendants, who were agents of the town, tortiously interfered with a contract between the plaintiff and the town When the defendants moved for summary judgment, the plaintiffs argued that the defendants acted beyond; the scope of their duty and therefore a genuine issue of material fact existed. The court held that "[t]he plaintiff failed to present a factual predicate for this argument. The plaintiff's complaint contains no allegation of willful misconduct or lack of good faith. The affidavits at most indicate that the defendants manifested their insistence on timely performance of the contract in a manner that was impatient and overbearing. Such allegations are insufficient to raise a actual issue concerning the defendants' good faith. The trial court therefore properly rendered summary judgment on behalf of these defendants." Id., 452. The court has reviewed the complaint in that case dated January 4th, 1979 and found no allegations of willful misconduct. However, in paragraphs 13, 15 and 16 of the second count, this plaintiff alleges the actions of the defendant, Galaske, to have been willful and malicious. Those allegations represent a genuine issue of material fact as to whether Galaske's actions were within the scope of his employment.
In addition the court is not persuaded by the defendants argument that summary judgment should be granted because the criminal allegations against the plaintiff did not terminate in his favor The court does not find Blake v. Levy, 191 Conn. 257
(1983), to be applicable to the circumstances of this case.
Accordingly, the defendants' motion for summary judgment on the second count is denied. CT Page 3903
LAWRENCE L. HAUSER, JUDGE