[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#139)
On February 27, 1996, the plaintiff, Salce Contracting Associates, Inc., (Salce), filed an amended complaint against the defendants, Norwalk Housing Authority (Housing Authority) and Technical Planning Associates (TPA). The amended complaint alleges that Salce was hired by the Housing Authority pursuant to a general contract, (General Contract) to act as the general contractor for a renovation project. TPA was the architect for the project.
The first three counts, directed against the Housing Authority, are not the subject of this motion to strike. Generally, these counts allege breach of the General Contract and breach of the implied covenant of good faith and fair dealing. The fourth and fifth counts, the subject of this motion to strike, are directed at TPA. They allege, inter alia, negligent interference with the General Contract and intentional interference with the General Contract, respectively.
TPA filed a memorandum of law in support of its motion to strike and Salce filed a memorandum of law in opposition. CT Page 9383
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts . . . most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
TPA sets forth three reasons why the court should strike the fourth and fifth counts of the amended complaint. First, TPA argues that Connecticut does not recognize a cause of action for tortious interference with a contract by an agent of a party to the contract. TPA contends that it was acting within the scope of its authority as an agent for the Housing Authority when the allegedly tortious conduct occurred. Second, TPA argues that the fourth and fifth counts fail to allege that TPA's conduct was improper. Finally, TPA argues that the allegations are mere opinions and conclusory statements and do not allege sufficient facts to support Salce's claims.
Salce counters that TPA's claim that it was an agent of the Housing Authority is a claim for qualified immunity that must be raised as a special defense. Salce also contends that it has pleaded sufficient facts, including an allegation of improper conduct, to support its claim for tortious interference.
Connecticut courts have "long recognized a cause of action for tortious interference with contract rights or other business relations." Kelley Property Development, Inc. v. Lebanon,226 Conn. 314, 340 n. 30, 627 A.2d 909 (1993). To establish an action for tortious interference with contractual relations the plaintiff must plead and prove: (1) the existence of a contract or beneficial relationship; (2) that defendant knew of that relationship and intentionally sought to interfere with it; and (3) as a result, the plaintiff suffered actual loss. Solomon v.Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985). "Nevertheless, not every act that disturbs a contract or business expectancy is actionable. . . . For a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or CT Page 9384 molestation . . . or that the defendant acted maliciously. [A]n action for intentional interference with business relations . . . requires improper motive or improper means. . . . [A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." Internal quotation marks omitted.) Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535-36,546 A.2d 216 (1988).
Moreover, "[a]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the . . . [principal] liable in tort for breaching its own contract." Murray v. Bridgeport Hospital,40 Conn. Sup. 56, 60-61, 480 A.2d 6610 (1984). See alsoMulti-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 451,477 A.2d 653 (1984) ("there can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contracts.")
Fourth Count
The fourth count of the amended complaint alleges:
 "5. Technical Planning Associates, Inc. . . . was hired by the Housing Authority to perform architectural services in connection with the performance of the renovation work, which architectural services included, without limitation one or more of the following: (a) Inspecting the Salce's work; (b) Advising the Housing Authority regarding Salce's performance and design changes to be made regarding the work carried out by Salce; (c) Evaluating claims for additional compensation made by Salce; (d) Performing design work in connection with drawing and specification correction and changes; and (e) Discharging the duties of the architect under the General Contract.
 6. The architectural services mentioned above were performed pursuant to and governed by a written agreement for architectural services between the Housing Authority and TPA dated December 26, 1991 CT Page 9385 and by the General Contract."
The amended complaint alleges that TPA's actions were "performed pursuant to and governed by . . . the General Contract" which infers that TPA was an indirect party to the contract and "there can be no intentional interference with contractual relations by someone who is directly or indirectly a party" to the contract. Multi-Service Contractors, Inc. v.Vernon, 193 Conn. 451.
Moreover, the fourth count is also defective because it fails to allege that TPA acted with an improper motive. Robert S. WeissAssociates v. Wiederlight, supra, 208 Conn. 535.
Fifth Count
The fifth count of the amended complaint alleges that TPA provided architectural services to the Housing Authority in connection with the Construction Contract[1] including inspecting Salce's work, advising the Housing Authority regarding Salce's performance, evaluating claims for additional compensation made by Salce, and performing design work in connection with changes. The fifth count also alleges that TPA interfered with the contractual relationship between Salce and the Housing Authority by advising the Housing Authority to deny Salce's claims for additional compensation and advising the Housing Authority that Salce delayed the project
The fifth count also alleges that TPA was a party to the General Contract and for the reasons stated above this count is also fatally insufficient.
Accordingly for the foregoing reasons, the defendant TPA's Motion to Strike Counts Four and Five of the complaint is hereby GRANTED.
BY THE COURT
MELVILLE, J.