[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #111
CT Page 8176
 FACTS
The plaintiff, South Beach Beverage Co., LLC (South Beach), filed a three-count complaint against the defendant, Elite Beverage, Inc. (Elite). The complaint alleges that Elite had an agreement with South Beach in which Elite agreed to take possession of South Beach property, consisting of raw materials and supplies, and return aforesaid property to South Beach in a finished form as bottled beverages. The complaint alleges that Elite, as bailee, failed to return the property of South Beach (first count); was negligent (second count); and breached the agreement with South Beach (third count).
Elite filed an answer, special defenses and counterclaims to South Beach's complaint. On the same date, Elite also filed a motion to implead as third-party defendant, Wild Flavors, Inc. (Wild Flavors). This motion was granted by the court, Skolnick, J. In its two-count third-party complaint, Elite seeks indemnification and contribution, in the first and second counts respectively, from Wild Flavors. According to the third-party complaint, Wild Flavors is the agent of South Beach and directed and supervised the production of South Beach products by Elite. The third-party complaint further alleges that Wild Flavors was negligent in its direction and supervision of Elite and that Wild Flavors' negligence was the proximate cause of the injuries alleged by South Beach in the original complaint against Elite.
Wild Flavors filed a motion to strike the first and second counts of the third-party complaint on the ground that Wild Flavors cannot be held liable for its actions because it was acting as plaintiffs agent. In addition, Wild Flavors moved to strike the second count on the ground that Connecticut does not recognize an action of contribution between joint tortfeasors. Elite filed an objection and argument was heard at short calendar on June 2, 1998.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in CT Page 8177 the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
Wild Flavors moves to strike the first and second counts of the third-party complaint on the ground that Wild Flavors cannot be held liable for its actions as an agent of South Beach. Wild Flavors argues that under the laws of agency, an agent acting within the scope of its authority is, in effect, the same entity as the principal and, therefore, the third-party complaint must be stricken as Elite cannot seek indemnification and contribution from South Beach, the very entity that sued Elite. Elite objects and argues that the third-party complaint only states that Wild Flavors was an agent of South Beach, and that the further determination of whether Wild Flavors' allegedly negligent acts were within the scope of the agency is a matter that must survive the present motion to strike.
A principal is generally liable for the authorized acts of his agent. Gateway v. DiNoia, 232 Conn. 223, 239, 654 A.2d 342
(1995). Thus, an agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal. Scribner v. O'Brien, Inc., 169 Conn. 389, 404,363 A.2d 160 (1975). "An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract." Murray v. Bridgeport Hospital,40 Conn. Sup. 56, 60-61, 480 A.2d 610 (1984).
In the present case, Elite alleges that Wild Flavors was an agent of South Beach. The third-party complaint does not specify whether the allegedly negligent acts of Wild Flavors were committed within the scope of its agency. The third-party complaint does not allege that the agent was acting within the authority given to it by the principal. The court, however, must construe the third-party complaint in a manner most favorable to the third-party plaintiff.
Since the third-party complaint does not allege that the agent was acting within terms of its agency, the motion to strike the third-party complaint on the ground that an agency relationship precludes such a complaint should be denied. "The CT Page 8178 existence of agency is a question of fact to be determined by the trier of fact." Gateway v. DiNoia, supra, 232 Conn. 239. As such, the present complaint should survive the motion to strike so that the trier of fact may determine if, in fact, Wild Flavors was acting within the scope of its agency, or whether Wild Flavors was acting in a manner inconsistent with the authority given it by South Beach.[1]
In the alternative, Wild Flavors argues that the second count of the third-party complaint should be stricken on the ground that contribution is not permissible between joint tortfeasors in Connecticut. Elite objects and argues that Connecticut law allows a defendant to implead a third-party for contribution rather than subsequently bringing a separate action.
"Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claim to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." KaPlan v. Merberg WreckingCorp., 152 Conn. 405, 412, 207 A.2d 732 (1965). At common law, Connecticut does not recognize the right of contribution between joint tortfeasors. See Gomeau v. Forrest, 176 Conn. 523, 524,409 A.2d 1006 (1979); see also Kyrtatas v. Stop to Shop, Inc.,205 Conn. 694, 697-98, 535 A.2d 357 (1988) ("[o]rdinanly there is no right of indemnity or contribution between joint-tortfeasors").
General Statutes § 52-572h, however, provides a statutory right to contribution in actions based on negligence. Paragraph (h) of that statute provides that "(1) A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment (2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of such a judgment."
Numerous decisions of the superior courts have interpreted this statute as requiring that several elements be met in order for the statutory right to take affect. "The right of contribution arises only after: (1) the claimant has gone to final judgment, (2) the claimant has failed to collect from one or more liable defendants after making good faith effort to do CT Page 8179 so, (3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation, (4) a reallocation is made by the court, and (5) a defendant is actually required to pay an amount in excess of his share of the original judgment." Rondeau v. Ritenour, Superior Court, judicial district of Fairfield at Bridgeport, pocket No. 256627 (March 28, 1990, Spear, J.) (1 Conn. L. Rptr. 413); see also Gladding v.Saren, Superior Court, judicial district of Danbury at Danbury, pocket No. 327219 (November 17, 1997, Stodolink, J.).
Elite relies on Malerba v. Cessna Aircraft Co.,210 Conn. 189, 195, 554 A.2d 287 (1989), for the proposition that the stated preconditions apply "only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party. . . ." Malerba v. Cessna Aircraft Co., supra,210 Conn. 195. In Malerba, the Supreme Court tried to harmonize inconsistencies between Connecticut's impleader statute, §52-102a[2] and two statutes concerning products liability claims, § 52-577a(b) and § 52-572o(e).[3] The court held that the preconditions of § 52-572o(e), requiring final judgment and actual payment, apply only to an independent cause of action for contribution, rather than impleading the third party in the products liability action. The court stated that this furthered "the salutary purpose of encouraging parties to consolidate the litigation flowing from a given factual circumstance into a single judicial proceeding thereby avoiding multiplicity of actions." Id.
Malerba has been interpreted by the Superior Court to be applicable only to products liability cases. See, e.g., Figuiredov. Purity Supreme, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, pocket No. 384398 (December 5, 1991, Schaller, J.). See also Robillard v. Asahi ChemicalIndemnity Co., 44 Conn. Sup. 510. 525, 675 A.2d 1087 (1995) (case at hand concerns products liability claim and thus § 52-572h
does not apply as that section deals with negligence). According to the court's decision in Figuiredo, the Malerba case involved products liability claims which are governed by procedural statutes different from those governing common-law negligence claims. As such, outside of the context of products liability. the preconditions specified in § 52-572h(h) must be met in order to state a legally sufficient claim for contribution.
A review of the specific statutes at issue in Malerba
CT Page 8180 indicates that the decision in Figuiredo v. Purity Supreme, Inc., supra, Superior Court, pocket No. 384398 is persuasive. In the present case, the third-party complaint of Elite is based on negligence and does not seek indemnification or contribution in a products liability scenario. As Elite has not alleged that it has met the necessary conditions to support a cause of action based on contribution, Wild Flavors' motion to strike the second count of the third-party complaint should be granted.
 CONCLUSION
The motion to strike the first and second counts of the third-party complaint on the ground that Wild Flavors cannot be held liable for its actions within the scope of its authority as the plaintiffs agent is denied.
The motion to strike the second count on the ground that the second count is legally sufficient is granted.
NADEAU, JUDGE