[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE
The defendants have moved to strike Counts One and Two of the plaintiff's complaint setting forth in the First Count that the plaintiff has failed to allege conduct that constitutes extreme and outrageous behavior to support a claim of intentional infliction of emotional distress. The motion to strike Count One is granted.
In this count, the plaintiff alleges that the defendants engaged in a "concerted effort [that] consisted primarily of hypercritical examination of every small detail of the plaintiff's professional work and personal conduct," a transfer from one public school to another and that this conduct was extreme and outrageous and caused her to suffer emotional distress. To prove a claim for intentional infliction of emotional distress, the plaintiff must plead and prove four elements which are: that defendants intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of their conduct; such conduct was extreme and outrageous; defendants' conduct caused plaintiff's distress and that the resulting distress sustained by the plaintiff was severe. Peyton v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337
(1996); Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 52,480, A.2d 610 (1984). This court is satisfied the plaintiff has not alleged facts sufficient to demonstrate conduct on the part of the defendants which was "extreme and outrageous."
The plaintiff's Second Count alleges a claim for negligent infliction of emotional distress. For this count, plaintiff incorporates each and every paragraph of the First Count up to and including the 20th paragraph. In addition, the plaintiff CT Page 1514 alleges in paragraphs 21 and 22 that the defendants should have realized that their previously stated conduct involved an unreasonable risk of causing the plaintiff to suffer emotional distress resulting in illness or bodily harm and that such emotional distress was a reasonably foreseeable consequence of their actions. The plaintiff has alleged that she was forced to resign as a result of this unreasonable conduct on the part of the defendants.
A claim for negligent infliction of emotional distress is recognized in Connecticut in the employment sphere but only when it is "based upon unreasonable conduct of the defendant in the termination process. Parsons v. United Technologies Corp.,Sikorsky Aircraft Division, 243 Conn. 66, 88-89 (1997).
The Court in Parsons stated further: "The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress" ibid, 88-89. The Second Count does not allege unlawful termination and as previously recited conduct of an extreme and outrageous nature. Accordingly, the Motion to Strike the Second Count is denied.
GROGINS, J.