DAVIDLEE VON LUDWIG, Respondent, v. VINCENT A. SCHIANO, Appellant.— In an action against an attorney to recover damages for breach of

a contract of retainer, and for other relief, defendant appeals: (1) from so much of an order of the Supreme Court, Kings County, entered April 7, 1964, as denied his motion to dismiss the first, third and fourth causes of action of the amended complaint; and (2) from so much of an order of said court, entered May 11, 1964 upon reargument, as adhered to the original decision. Appeal from order entered April 7, 1964 dismissed, without costs; that order was superseded by the later order of May 11, 1964, granting reargument. Order, entered May 11, 1964, modified by dismissing the first cause of action for insufficiency, with leave to plaintiff to serve a second amended complaint. As so modified, the order, insofar as appealed from, is affirmed, without costs. Plaintiff may serve the second amended complaint within 30 days after entry of the order hereon. The first cause of action for breach of the contract of retainer is insufficient because it fails to allege that the information which defendant (the attorney) disclosed to a third person was information which defendant gained in the attorney-client relationship or which he had acquired confidentially. The third and fourth causes of action are to recover damages for inducing the breach of existing contracts and also contracts which were probable expectancies. These are governed by the three-year Statute of Limitations applicable to injury to property (CPLR 214, subd. 4). Whether those causes of action were barred depends on the proof as to when in October, 1960 the causes of action arose, this action having been commenced on October 23, 1963. The itemization of special damages may be obtained by bill of particulars. The failure to itemize special damages does not render a cause of action insufficient (cf. CPLR 3015, subd. [d]), except in special cases where such damages are essential to the cause of action, as, for example, in an action based upon a prima facie tort. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.