■ NATHANIEL M. BRADKIN, Appellant, v. MORRIS LEVERTON, Respondent.— Appeal by plaintiff from an order of the Supreme Court, Kings County, dated November 25, 1968, which granted defendant's motion to dismiss the complaint. Order affirmed, with $10 costs and disbursements. No opinion. Christ, Acting P. J., Rabin and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the order and deny the motion to dismiss the complaint, with the following memorandum, in which Brennan, J., concurs. Plaintiff had an arrangement (evidenced by a letter) with Federman & Co., of which the defendant was an officer, director and stockholder, whereby Federman & Co. agreed to pay plaintiff 10% of its profits arising out of its transactions with Mauchly Associates, Inc. Plaintiff alleges that defendant, concealing his interest from plaintiff, entered into transactions with Mauchly from which he derived profits as a result of his connection with Federman & Co. Plaintiff commenced the present action to recover his compensation from defendant. The complaint contains two causes of action — the first on the theory of contract and the second on the theory of a right to an equitable accounting. Defendant's motion to dismiss the complaint admitted the allegations of the complaint, for the purpose of the motion (*Denihan Enterprises* v. *O'Dwyer,* 302 N. Y. 451; *Haberman* v. *New York Ambassador,* 272 App. Div. 375, affd. 297 N. Y. 836). It is no longer necessary that a complaint's apparent theory of action be maintainable; the true test is whether a cause of action arises from the allegations of the complaint even though the pleader may not have recognized it (cf. CPLR 3013, 3026; *Lane* v. *Mercury Record Corp.,* 21 A D 2d 602, affd. 18 N Y 2d 889; *Duross Co.* v. *Evans,* 22 A D 2d 573). The question, then, is this: did defendant owe any duty to plaintiff to refrain from knowingly evading the corporate obligation to plaintiff by arranging transactions within the scope of that obligation through other entities, out of which he (defendant) profited? I think he did. If the corporation had consummated the transactions with Mauchly, it would have been liable to plaintiff. The fair inference from the allegations of the complaint is that defendant took advantage of his relationship with the corporation to divert the corporate opportunities elsewhere for his own benefit; thus, he breached his duty to the corporation (*O'Hayer* v. *De St. Aubin,* 30 A D 2d 419, 426; *Matter of Vogel* [*Lewis*], 25 A D 2d 212, affd. 19 N Y 2d 589). The breach of his duty to the corporation did not engender any cause of action on behalf of plaintiff (cf. *Kaminsky* v. *Kahn,* 20 N Y 2d 573, 586), but it does have a significant bearing on defendant's duty to plaintiff. The general rule that an officer or director of a

corporation may not be held in tort for inducing a breach of a contract between the corporation and a third party has an exception when the corporate agent acts out of a personal motive to profit himself (*A. S. Rampell, Inc.* v. *Hyster Co.*, 3 N Y 2d 369, 378; *Buckley* v. *112 Central Park South*, 285 App. Div. 331; *Navarro* v. *Fiorita*, 271 App. Div. 62, affd. 296 N. Y. 783; *Greyhound Corp.* v. *Commercial Cas. Ins. Co.*, 259 App. Div. 317). The exception was summed up by a commentator as follows: " On the other hand, the corporate veil should not stand as a means of protection for those who choose to employ corporate power to serve their own ends. Tort liability should be swiftly imposed whenever an officer, director, employee or stockholder induces a breach of contract for private benefit or to satisfy personal feelings against a third party" (43 Cornell L. Q. 55, 65, Avins, Liability for Inducing a Corporation to Breach Its Contract). The privilege against liability for his acts possessed by a corporate officer expires when he no longer has in mind the corporate interest and instead manipulates the corporate affairs to enhance his personal interest. The tort is not limited to the inducement of a breach; it exists, as well, when an intended and unprivileged interference with the performance of the contract is committed (1 Harper and James, Law of Torts, § 6.9, pp. 499–501). I interpret the complaint as alleging both a breach of the contract induced by defendant and an interference by defendant in the performance of the contract. In summary, I think that the complaint, broadly construed, states a cause of action against defendant for damages due to his tortious conduct, even though the pleader characterized the causes of action as sounding in breach of contract or for an equitable accounting. The complaint, to put it differently, gives fair notice to defendant of the facts which plaintiff intends to prove; the theory of recovery is a question of law for the determination by the court.