■ JAMES A. CONCRA et al., Respondents, v ALFRED HOROWITZ et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered March 13, 1984 in Ulster County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the first cause of action in the complaint.

The origin of this appeal is an aborted residential real estate sale in which defendants expected to be the sellers and plaintiffs the buyers. Because of a dispute respecting the quality of the water-supply system at the residence, the sale was never concluded and plaintiffs brought suit to recover their $7,990 down payment and damages arising from the failure to close.

Defendants moved at Special Term for summary judgment dismissing the first, and only remaining, cause of action of the complaint on the alternative grounds of claim or issue preclusion based on an earlier separate, but related, suit brought against the defendant sellers by the real estate brokers to win their sales commission (see *Rieker-Madden, Inc. v Horowitz,* 78 AD2d 959). In that action, which eventually proceeded to arbitration, the sellers impleaded the plaintiffs herein, charging in the third-party complaint that the latter had breached the contract of sale and refused to take title and close. Plaintiffs appeared with counsel at the arbitration hearing and participated therein. The arbitrators found that the brokers had by

their own contract conditioned their right to a commission upon a sale of the property, and since there had been no sale, dismissed the brokers' suit. Defendants now assert that necessarily implicit in this determination is a finding that the failure to close was not the result of any fault on their part; that this finding precludes plaintiffs from relitigating this issue; and, therefore, that they are entitled to summary judgment in their favor. Special Term's denial of their motion prompted this appeal.

The doctrines of claim preclusion (*res judicata*) and issue preclusion (collateral estoppel), a narrower species of *res judicata* (see *Ryan v New York Tel. Co.,* 62 NY2d 494), apply to bar relitigation of claims or issues resolved in arbitration (*Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-190). Here, however, neither doctrine precludes plaintiffs' first cause of action. The relief therein sought, the return of plaintiffs' down payment, was never addressed in the arbitration proceeding. As Special Term observed, the arbitrators only decided that the language of the listing agreement between the brokers and the prospective sellers was dispositive of the brokers' claim. By noting that the brokers "may have earned a commission under the common law", the arbitrators reserved judgment on the issue of who was at fault for the failed closing. Nor did the arbitrators assay the central substantive issue in this case, to wit: whether plaintiffs complied with their obligation under the contract of sale to make diligent application to obtain a mortgage loan and by so doing merit return of their down payment. Since there are disputed and material issues of fact surrounding both the efforts expended by plaintiffs to secure the mortgage and their fault, if any, summary judgment was properly denied.

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.