■ KARTIGANER ASSOCIATES, P. C., Respondent, v TOWN OF NEW WINDSOR et al., Defendants, and PHILIP A. CROTTY, JR., et al., Appellants. — In an action, *inter alia,* to recover damages for intentional interference with contractual relations, defendants Philip A. Crotty, Jr. and Duggan & Crotty appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Stolarik, J.), entered March 19, 1984, as denied those branches of their motion which sought dismissal of the sixth and seventh causes of action as against them.

Order reversed, insofar as appealed from, on the law, with costs, the aforenoted branches of appellants' motion granted, and the sixth and seventh causes of action of the complaint are dismissed as against them.

There is no dispute that from January 1, 1975 until December 31, 1977, defendant Philip A. Crotty, Jr. served as Town Attorney for codefendant Town of New Windsor. Thereafter, from January 18, 1978 until December 31, 1979, the firm of which he was a member, defendant Duggan & Crotty, served as Town Attorney.

Plaintiff alleges, in its sixth cause of action, that defendant Philip A. Crotty, Jr., together with others, conspired to induce

the codefendant Town of New Windsor to breach unspecified contracts it had with plaintiff. These contracts include one entered into in 1970 wherein plaintiff agreed to provide professional services in connection with a sewage treatment plant expansion (STP contract). The sixth cause of action further alleges that Crotty contrived, along with others, to destroy the plaintiff's business, and that plaintiff suffered damages by way of loss of income, reputation, and goodwill. The seventh cause of action alleges that three other contracts were breached by the town, and, again, that said breach resulted from a conspiracy among certain defendants, including Crotty.

Plaintiff has never specified the legal theory under which relief is sought. In our view, the sixth and seventh causes of action purport to state claims for intentional interference with contractual relations. We further find that the appellants are entitled to summary judgment as to those causes of action. Liability may not be imposed upon Crotty or Duggan & Crotty insofar as the record reveals that they were acting at all relevant times as Town Attorney, and thus, as an agent of the town. An agent cannot be held liable for inducing his principal to breach a contract with a third person, at least where he is acting on behalf of his principal and within the scope of his authority (*Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915; *Shaw v Merrick,* 60 AD2d 830; *Greyhound Corp. v Commercial Cas. Ins. Co.,* 259 App Div 317). There is no proof in this record that Philip Crotty ever acted other than in his capacity as a Town Attorney, or as a member of Duggan & Crotty, which was Town Attorney in 1978 and 1979. There is also no proof that Crotty's acts were motivated by self-interest. It appears, rather, that he acted at all times in what he viewed to be the interest of the town. Plaintiff has not shown how Crotty, or his firm, might personally benefit in any way from the town's alleged breach of the contracts with plaintiff (*cf. Bradkin v Leverton,* 32 AD2d 1057, 1058, *revd on other grounds* 26 NY2d 192). Accordingly, the appellants are entitled to summary judgment as to those claims.

Appellants also moved pursuant to CPLR 3211 (a) (5) for a dismissal of the sixth and seventh causes of action on the ground that they are barred by the applicable Statute of Limitations. A claim for damages based on intentional interference with contractual relations is deemed "an action to recover damages for an injury to property" (CPLR 214 [4]) so that a three-year Statute of Limitations applies (*Frigi-Griffin, Inc. v Leeds,* 52 AD2d 805, 806, n 2; *Von Ludwig v Schiano,* 23 AD2d 789, 790). Such a cause of action accrues when the subject contract is breached, regardless of when the defendant supposedly induced

the breach (*Fury Imports v Shakespeare Co.*, 624 F2d 585, 587-588, *cert denied* 450 US 921). Plaintiff alleges that the defendant Town of New Windsor prevented it from performing its obligations under the STP contract in April 1978. That would constitute a breach (*see,* 22 NY Jur 2d, Contracts, § 365, and cases cited therein). It is undisputed that this action was not commenced until December 4, 1981. Thereafter, the sixth cause of action, which apparently relates to the STP contract only, since no other contract is mentioned, is time barred and should be dismissed as against appellants on that basis as well. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.