■ SUSAN J. KINGSTON, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 14, 1990 in Greene County, which denied defendant's motion for summary judgment.

Plaintiff was involved in an accident in the Town of Durham, Greene County, on September 19, 1985, when the vehicle she was driving collided with a vehicle driven by Kevin Engle and owned by his employer, Cobleskill Redi-E-Mix and Supply, Inc. She applied for and received first-party benefits under the no-fault coverage of her automobile insurance policy with defendant. Plaintiff also brought a personal injury action in Supreme Court against the driver and owner of the other vehicle. Defendant continued to provide first-party benefits in the form of payments for plaintiff's medical expenses and lost earnings until July 1986, when it gave her notice that it was terminating both lost wage and medical expense payments "except for physical therapy to her left hip", based upon the report of defendant's examining neurologist. Meanwhile, plaintiff's personal injury action proceeded to trial and resulted in a jury verdict in her favor, from which Supreme Court properly deducted the sum of $9,000 which the jury had

awarded for lost earnings *(see,* Insurance Law § 5104 [a]; *McDonnell v Best Bus Co.,* 97 AD2d 433).

Plaintiff then elected to prosecute her claim against defendant for continued payment of medical expenses under her no-fault coverage through arbitration, pursuant to Insurance Law § 5106 (b), before a Health Services Arbitration panel. After receiving submissions from both sides, the arbitrators denied plaintiff's claim and she did not pursue any appeal from that determination. However, she subsequently commenced the instant declaratory judgment action to establish her continued entitlement to payment for lost earnings as first-party benefits arising out of the September 19, 1985 accident.

After serving its answer, defendant moved for summary judgment on the ground that res judicata barred plaintiff's claim for unpaid lost wages up to the date of the arbitration decision by the Health Services Arbitration panel, and thereafter under the doctrine of collateral estoppel. Supreme Court denied defendant's motion on the ground that the Health Services Arbitration panel did not have jurisdiction over plaintiff's claim for lost wages and, thus, plaintiff did not have a full and fair opportunity to litigate the issue of her entitlement to first-party payments for reduced earnings. This appeal followed.

On appeal, defendant has limited itself to the contention that plaintiff is collaterally estopped from claiming continued disability related to the 1985 accident as a result of the arbitrators' decision denying her claim for medical expenses. Therefore, according to defendant, plaintiff cannot recover for lost earnings due to any such disability. We disagree. For a party to be precluded on a given issue in a pending proceeding, "[i]t is required that [the] issue in the present proceeding be *identical to that necessarily decided* in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005 [emphasis supplied]). The burden is on the proponent of preclusion to establish that the issue in the pending proceeding is identical to and necessarily determined in the prior proceeding *(Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 18). Defendant has not satisfied that burden in the instant case sufficiently to be entitled to summary judgment.

The record does not conclusively establish that the Health Services Arbitration panel necessarily determined that plaintiff had no accident-related disability when it upheld defen-

dant's denial of continued medical expense recovery. Although defendant's denial of plaintiff's first-party benefits gives as a reason the absence of disability, the denial is expressly based upon the report of defendant's examining neurologist. That report, however, only responds to specific symptomology relied upon by plaintiff's physician in suggesting surgery on plaintiff's back. Specifically, the report of defendant's neurologist only finds that plaintiff did not have any "neurological deficit" and "no suggestion of a surgical lesion". Moreover, based upon that report defendant did not deny all medical treatment, but authorized payment for further physical therapy to plaintiff's hip. Thus, it is far from clear that the existence or nonexistence of any accident-related disability, which might have continued to cause plaintiff to lose time from work, was necessarily determined in the arbitration, and Supreme Court properly denied defendant's motion for summary judgment *(see, Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502, 504; *see also, Concra v Horowitz,* 105 AD2d 1024, 1025).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.