■ HARRIET WEBER et al., Appellants, v ANSON KESSLER, Respondent.—Levine, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Jiudice, J.), entered June 13, 1990 in Dutchess County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

In 1984 defendant, a practicing dentist, commenced an action against plaintiff Emil Weber seeking $425, the value of certain dental services rendered to Weber's wife, plaintiff Harriet Weber, the previous year. The matter eventually proceeded to arbitration, where an award in defendant's favor was made. Defendant was paid in full in March 1985.

Subsequently, plaintiffs commenced the instant dental malpractice action seeking damages and derivative losses for injuries sustained by Harriet Weber as a result of defendant's alleged negligence in the construction and placement of a dental appliance. Following joinder of issue, defendant moved to amend his answer to assert the affirmative defense of collateral estoppel and for summary judgment dismissing the complaint. Plaintiffs then cross-moved for summary judgment. Finding it unnecessary for defendant to serve an amended answer, Supreme Court granted his motion for summary judgment based on the unpleaded defense of collateral estoppel. Plaintiffs appeal from that order and the judgment entered thereon.

In our view, Supreme Court erred in concluding that the arbitration award establishing defendant's entitlement to his fee acts to collaterally estop plaintiffs from pursuing the instant malpractice claim. In order for collateral estoppel to apply, it must be shown that "[the] issue in the present

proceeding [is] identical to that necessarily decided in a prior proceeding, and that * * * the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005). The proponent of preclusion has the burden of demonstrating that the issue is identical to and was necessarily determined in the prior proceeding *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501). In this case, defendant failed to satisfy this burden sufficiently to be entitled to summary judgment *(see, Kingston v State Farm Mut. Auto. Ins. Co.,* 165 AD2d 970, 971).

The supporting affirmation of defendant's counsel, who had no involvement in the arbitration, merely alleged that the malpractice issue "w[as] or should have been resolved" in the arbitration. Defendant submitted no proof by anyone with personal knowledge tending to show that the issue of his alleged malpractice was necessarily determined in the prior proceeding. Moreover, plaintiffs' opposing papers included an affirmation from the attorney who represented Emil Weber at the arbitration proceeding, which specifically averred that "[t]he arbitrator did not hear testimony on the malpractice issues because [Harriet] Weber was not a party to the action before the arbitrator". Thus, it appears that plaintiffs did not have a full and fair opportunity to litigate the issue of defendant's alleged malpractice during the arbitration proceeding *(see, Ryan v New York Tel. Co., supra).* Accordingly, Supreme Court's grant of summary judgment in defendant's favor should be reversed.

Mahoney, P. J., Casey, Mercure and Harvey, JJ., concur. Ordered that the order and judgment are modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion; said motion denied; and, as so modified, affirmed.