■ MANNIX INDUSTRIES, INC., Appellant, v ROBERT ANTONUCCI et al., Respondents. [594 NYS2d 327] —In an action to recover damages, *inter alia,* for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 18, 1990, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the defendants' motion which were to dismiss the second and third causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

This case arises out of a construction contract pursuant to which the plaintiff Mannix Industries, Inc. (hereinafter Mannix) agreed to install windows in four buildings owned by Seward Park Housing Corp. (hereinafter Seward). Seward retained the defendants, a firm of architects and engineers, to administer this contract. After Mannix commenced working on the buildings, Seward terminated the contract pursuant to the defendants' recommendation and certification letter stating that Mannix's performance was not adequate. Thereafter, pursuant to an arbitration clause in the contract, Mannix arbitrated its claim of an anticipatory breach of the contract by Seward. After the arbitrators issued an award in favor of Mannix, Mannix commenced this action against the defendants.

The arbitration award against Seward did not collaterally estop Mannix from pursuing its claim to recover damages for negligent misrepresentation. The defendants did not meet their burden of showing that the issue of the defendants' negligent misrepresentation was necessarily determined by

the arbitrators *(see, Weber v Kessler,* 177 AD2d 843; *cf., Taylor v Ashby,* 134 AD2d 248). However, we conclude that Mannix may not assert a cause of action to recover damages for negligent misrepresentation, since Mannix lacks privity with the defendants and there is not a bond between them so close as to be the functional equivalent of contractual privity *(Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377; *Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417). Therefore, the first cause of action was properly dismissed.

However, we find that the court erroneously found that the second and third causes of action were barred by a one-year Statute of Limitations, because they alleged false words and statements on the part of the defendants *(see,* CPLR 215 [3]). Inasmuch as the gravamen of Mannix's second cause of action is that the defendants' conduct interfered with an existing contract, it is governed by a three-year Statute of Limitations *(see, Classic Appraisals Corp. v DeSantis,* 159 AD2d 537; *Jemison v Crichlow,* 139 AD2d 332, *affd* 74 NY2d 726; CPLR 214 [4]). Moreover, the third cause of action alleges injury to economic interests, rather than reputation, and thus it is also governed by a three-year Statute of Limitations *(see, Classic Appraisals Corp. v DeSantis, supra; Jemison v Crichlow, supra).*

The defendants' remaining contentions concerning the second and third causes of action are without merit. As for the second cause of action, the defendants never moved to dismiss it on the ground that it failed to state a cause of action. With regard to the third cause of action, it adequately states a cause of action to recover damages for injurious falsehood *(see, Squire Records v Vanguard Recording Socy.,* 25 AD2d 190). Bracken, J. P., Eiber, Pizzuto and Santucci, JJ., concur.