■ S.D.I. CORPORATION, Respondent, v FIREMAN's FUND IN-SURANCE COMPANIES et al., Appellants, and SUMMIT GENERAL CONTRACTING CORP. et al., Defendants. [617 NYS2d 790] —In an action to recover damages for the breach of subcontract agreements and proposal-acceptance contracts, and to recover the amount of such damages pursuant to the defaulting contractor's performance bond, the defendants Fireman's Fund Insurance Companies and Fireman's Fund Insurance Company appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 15, 1992, which effectively granted the plaintiff's motion for summary judgment to the extent of (1) directing entry of a judgment in the principal amount of $59,287.50 in favor of the plaintiff and against them, representing amounts owed to the plaintiff on four of the five subcontract agreements or proposal-acceptance contracts, and (2) directing a trial of damages with respect to amounts owed to the plaintiff on the fifth agreement.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

The plaintiff S.D.I. Corp. (hereinafter S.D.I.) is a subcontractor. Each of the first five causes of action asserted in its complaint alleges that the defendant Summit General Contracting Corp. (hereinafter Summit General) is indebted to it in a stated amount on account of its performance of each of five separate agreements pertaining to construction contracts. In its sixth cause of action, S.D.I. alleges that it is entitled to recover these amounts from the appellants Fireman's Fund Insurance Companies and Fireman's Fund Insurance Company (hereinafter collectively referred to as Fireman's Fund). Fireman's Fund Insurance Companies admits that, acting through Fireman's Fund Insurance Company, it issued certain performances bonds relative to the five construction projects.

Fireman's Fund served an answer in which it denied the material allegations of the complaint. More specifically, Fireman's Fund denied that S.D.I. was owed any amount of money either by it, or by its principal, Summit General. Fireman's Fund also asserted a cross claim against Summit General, and against the defendant Summit Waterproofing & Restoration

Corp. (hereinafter Waterproofing), the contractor which "undertook the completion of various projects as indemnitor to Fireman's Fund".

Waterproofing also served an answer in which it denied the material allegations of the complaint. This answer included a cross claim against Summit General and a counterclaim against S.D.I. for damages in the sum of $128,625. According to this counterclaim, S.D.I. delayed in performing its contractual obligations, failed to perform certain obligations, and improperly installed certain items.

For its part, Summit General served a one-page answer devoid of any specific allegations, and devoid of any cross claims or defenses. This answer consisted essentially of one paragraph in which Summit General stated that it neither admitted nor denied the allegations of the complaint.

By notice of motion dated September 18, 1990, the plaintiff made a motion which contained an application for summary judgment against Summit General. This motion also contained a demand to strike the answer of "each of the defendants", including Fireman's Fund. However, in a "rebuttal affirmation", the plaintiff's attorney stated that "the within motion * * * is against SUMMIT GENERAL CONTRACTING CORP. * * * only". Fireman's Fund submitted papers in opposition. However, Summit General defaulted, and failed to oppose the plaintiff's motion.

On November 29, 1990, the court signed a "counter order" in which it granted the plaintiff's motion insofar as it was for summary judgment against Summit General. The court directed the entry of judgment in the principal sum of $63,501.50, the full amount requested in the complaint. A judgment in this principal sum "against defendant Summit General Contracting Corp. only" was subsequently entered on January 10, 1991.

By notice of motion dated April 18, 1991, the plaintiff requested summary judgment in its sixth cause of action against Fireman's Fund. The plaintiff argued that the judgment against Summit General precluded relitigation of issues such as whether the plaintiff had in fact performed all the work it was supposed to. The plaintiff noted that Fireman's Fund had opposed the motion which ultimately culminated in a judgment against Summit General, and argued that Fireman's Fund should therefore be bound by the issue-preclusive effect of that judgment.

Fireman's Fund opposed this motion, and argued that the judgment entered against Summit General was based on Summit General's default in opposing the plaintiff's previous motion for summary judgment. Fireman's Fund's former attorney stated that the papers submitted by Fireman's Fund in connection with the prior motion were "solely for the limited purpose of informing the court that * * * there was no basis for striking [Fireman's Fund's] answer".

The court granted this motion for summary judgment to the extent above noted. We reverse.

There is no basis upon which to remove the present case from the scope of the general rule that "a judgment entered against a principal upon default is only prima facie evidence against the surety * * * [and] the latter remains at liberty to contest its own liability by establishing affirmatively that the principal was not liable" *(Firedoor Corp. v Merlin Indus.,* 86 AD2d 577, citing *Brescia Constr. Co. v Walart Constr. Co.,* 245 App Div 105; 57 NY Jur, Suretyship and Guaranty, § 240, at 601; *see also, Aetna Cas. & Sur. Co. v City of New York,* 160 AD2d 561). This rule has as much force when the default judgment is occasioned by the principal's failure to oppose a claimant's motion for summary judgment as when it is occasioned by the principal's failure to answer the claimant's complaint. The plaintiff's argument that "[t]here cannot be a default judgment unless the defendant has failed to appear and plead" is plainly wrong, in that a default occurs whenever a party fails to take a necessary step within a proper time *(see generally,* 8A Carmody-Wait 2d, NY Prac § 63:186).

The proponent of collateral estoppel as the basis for the granting of summary judgment has the burden of demonstrating that the issues which are determinative of his right to this drastic relief have been necessarily and actually decided in a prior litigation *(Kaufman v Lilly & Co.,* 65 NY2d 449; *Mannix Indus. v Antonucci,* 191 AD2d 482; *Weber v Kessler,* 177 AD2d 843; *Kingston v State Farm Mut. Auto. Ins. Co.,* 165 AD2d 970). "An issue is not actually litigated if, for example, there has been a default * * * [or] a failure to place a matter in issue by proper pleading" *(Kaufman v Lilly & Co., supra,* at 456-457, citing Restatement [Second] of Judgments § 27, comments *d, e,* at 255-257; *Gilberg v Barbieri,* 53 NY2d 285; *see also, Giordano v Patel,* 177 AD2d 468; *Seaman v Fichet-Bauche N. Am.,* 176 AD2d 793). The plaintiff has not met its burden of showing that the issues upon which it bases its right to judgment against Fireman's Fund have been "actually

litigated". It is possible, indeed it is likely, that the judgment against Summit General was based on its default in opposing the plaintiff's motion.

It is impossible to determine whether the issue of the plaintiff's entitlement to judgment against Summit General has been actually litigated. There is no way to know whether the counter order dated November 29, 1990, and the judgment dated January 10, 1991, were based on a resolution of the merits, or based instead on Summit General's failure to oppose the plaintiff's first motion. It clearly would have been proper to grant this motion strictly on procedural grounds, in light of the fact that Summit General offered no opposition.

While it is true that Fireman's Fund submitted affidavits in opposition to this motion, these affidavits were initially addressed not only to the plaintiff's application for judgment against Summit General, but also to that branch of the motion in which the plaintiff sought to strike all of the defendants' answers. That these affidavits were examined by the court does not mean that the court's grant of judgment in favor of S.D.I. and against Summit General was on the merits rather than on default. "There is, in short, no basis for determining from the present record exactly what specific issues were litigated or decided in that prior [motion] so that collateral estoppel may not be invoked" *(Seaman v Fichet-Bauche N. Am., supra,* at 794, citing *Kaufman v Lilly & Co., supra; Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 268). Bracken, J. P., Miller, Joy and Altman, JJ., concur.