[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO STRIKE
The defendants have filed a motion to strike against all counts of this nine count complaint. The court will discuss each count individually. The court is required in these motions to construe the complaint in a manner most favorable to the non-moving party and must only consider the grounds actually raised by the motion. It is also true that a court can't consider facts or evidence outside the pleadings. These principles are well-accepted and no citation of authority is necessary.
Tortious Interference with Business Expectancy, First Count
The motion to strike is directed against the First Count which alleges tortious interference with business expectancy. The motion claims the allegations in the complaint are legally insufficient.
In order for such a claim to be viable four elements must be established (1) existence of a contractual or beneficial relationship (2) defendant's knowledge of that relationship (3) intent to interfere with it (4) consequent actual loss suffered by the plaintiff, Solomon v Aberman 196 Conn. 359,383 (1985)
In their brief the defendants claim with regard to the third element — intent to interfere with the relationship that the plaintiff must allege that the "interference" with the relationship was "tortious by some measure beyond the fact of the interference itself, i.e. fraud, misrepresentation, intimidation, molestation or malice". Several cases support this proposition Weiss Associates Inc. v Wiederlight208 Conn. 525, 536 (1988), Blake v Levy 191 Conn. 257, 262 (1983),Golembeski v Metichewan 20 Conn. App. 699, 702 (1990)
I do not agree with the implications of the defendants argument that the interference must be of a tortious or CT Page 6339 fraudulent nature; it is sufficient to show malice but what is meant is legal malice. Blake v Levy refers to the Restatement (Second) Torts, Sec. 766 with approval and subsection (s) of that section notes:
 "There are frequent expressions in judicial opinions that (malice) is requisite for liability in the cases recited in this section. But the context and the course of the decisions make it clear that what is meant is not malice in the sense of ill will but merely intentional interference without justification. . ."
As said in 45 Am.Jur.2d "Interference", § 3 page 281
 "The malice that forms an element in an action for interference is legal malice, that is, the intentional doing of a harmful act without legal or social justification or excuse, or in other words the willful violation of a known right" (See cases cited such as Owen v Williams 77 N.E.2d 318 (Mass)
Turning to procedural requirements it has been said that "A claim is made out only when the interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself, "Top Service Body Shop Inc. vAllstate Insurance Co. 582 P.2d 1365, 1371 (Ore 1978). This well reasoned case was relied on by the court in Blake v Levy
at 191 Conn. page 262. What Top Service really means is that the propriety of a defendant's objective or motive is really a part of the plaintiff's case rather than an affirmative defense of privilege Id. at page 1370.
In effect then a complaint making this claim must not only allege the interference but there must be an "allegation of improper motive or means", Weiss Associates Inc. vWiederlight 208 Conn. at page 536. As the court said in Blakev Levy 191 Conn. at p. 262: "the better reasoned approach requires the plaintiff to plead and prove at least some improper motive or means". (emphasis added)
In paragraph 12 of the revised complaint the plaintiff explicitly alleges interference the question remains however as to whether tortious or fraudulent action or malice is alleged — the requisite improper motive or means. Again this CT Page 6340 necessitates an evaluation of the type of conduct that could be categorized as wrongful for this tort. The Top Service
case has a useful comment.
 "As the restatement now stands (§ 766), such interference would give rise to liability if it is both intentional and affirmatively improper . . . and a purpose to harm the injured party would be one factor in making the interference improper." 582 P.2d at p. 1369
As noted in § 767 comment (d) of the restatement (Second) of Torts
 "In determining whether the interference is improper, it may become very important to ascertain whether the actor was motivated in whole or in part by a desire to interfere with the other's contractual relations. If this was the sole motive the interference is almost certain to be held improper. A motive to injure another or to vent one's ill will on him (sic) serves no socially useful purpose" given these guidelines.
I cannot say that the allegations of the complaint don't satisfy the third prong of the requirement for a claim based on this tort. The pleadings must be given that interpretation that is most favorable to the plaintiff and in paragraph 13 it is alleged that the defendants acted with the intention of disrupting the plaintiff's business relationships, that being the motive of its actions. This is not a case like Weiss vAssociates v Wiederlight supra where the allegation is merely that the defendant did some act to interfere with the plaintiff's rights knowing what those contractual rights must be 208 Conn. at p. 536. Here it's alleged the defendants so acted with the purposeful intent of disrupting the plaintiff's business activities.
The defendants also claim that plaintiff has not proven the necessary fourth element under this tort theory — actual loss. In paragraph 16 the plaintiff alleges that the defendants actions resulted in the loss or impairment of his business relationships with real estate companies and realtors located in several towns. CT Page 6341
First the defendants say that a party asserting a claim under this theory must identify a "specific third party" with whom he or she would have had a prospective economic relationship. I've found no support in the appellate cases for such a requirement. Besides a motion to strike will not substitute for a request to revise. In the complaint the plaintiff referred to several business entities in several towns. If that was too broad or vague a request to revise should've been filed.
Secondly it is claimed that to meet the fourth requirement for this tort action "the plaintiff must identify the actual loss that he allegedly suffered." The defendants confuse the necessary allegations in pleadings to withstand a motion to strike with the test to be applied in deciding a summary judgment motion or the requirements of a prima facie case at trial. The plaintiff in his complaint does allege that the defendants' interference caused him to suffer a lossBarbrouwrei 474 F. Sup. 725, 733 (D Conn. 1979) Interestingly the Murray court went on to note that an agent of the employer can be held liable for interference "if he did not act legitimately within his scope of duty but used the corporate power for personal gain" Id. p. 61. The court goes on to citeBradkin v Leverton 303 N.Y.S.2d 1020 (1969) for the proposition that this tort will lie against the corporate officer not only when he or she acts for personal benefit but "to satisfy personal feelings against a third party", If. P. 61. In this case at least the individual defendants are accused of interfering with the plaintiff's business relationships with third parties and of doing so intentionally to disrupt those relationships which caused the plaintiff harm.
Even if I can properly consider the Compensation Agreement which was referred to as an exhibit in the plaintiff's complaint but never attached to it I can't say using the previous analysis that the third prerequisite of the elements for this tort was not met and that therefore the complaint against the individual defendants is not legally sufficient.
The motion to strike the first count is denied.Negligent Infliction of Emotional Distress, Second Count
As the defendants correctly note to make out a viable claim for negligent infliction of emotional distress two CT Page 6342 elements must be proven (1) the defendant should have realized that his or her conduct involved an unreasonable risk of causing distress (2) from the facts known to him should have realized that distress, if caused might result in illness or bodily harm, Urban Hartford Gas Co. 139 Conn. 301 (1952),Morris v Hartford Courant 200 Conn. 676 (1986).
Paragraph 17 of the revised complaint makes exactly those allegations but the defendants want me to review the bare paper allegations of the complaint and decide as a matter of law that the plaintiff can't establish his claim. Collins vGulf Oil Corp. 605 F. Sup. 1519 (D Conn. 1985) is cited by the defendants. Although denominated a motion to dismiss the court there noted that the matter was really one for summary judgment since evidence was considered by the court. In dismissing the emotional distress tort the court reviewed over 500 pages of deposition transcripts and noted the plaintiff submitted no evidence to support his allegations.
This is a motion to strike and I am confined to the pleadings which must be given that interpretation which is most favorable to the non-moving party; "Whether the defendants' actions were extreme or outrageous is a question of fact" Vyborny et al v Lendl et al 4 CSR 129 (1988),
The motion to strike the second count is denied.Negligence Interference with Business Relationship, ThirdCount
The defendants' position is that there is no tort in Connecticut based on negligent interference with a business relationship. The plaintiff relies on the same factual allegations that he makes in the first count.
There in fact is an action for negligent interference with contractual relationships in Connecticut, FidelityCasualty Ins. Co. v Sears Roebuck Inc. 124 Conn. 227, 233
(1983) although this is not the general rule prevailing in other jurisdictions, Restatement (Second) Torts, § 766(c), but see North Carolina Mutual Life Ins. Co. v Plymouth Mutual LifeIns. Co. 266 F. Sup. 231 (E D Pa, 1967), Baldwin v Marina CityProperties Inc. 79 Cal.App.3d 393 (1978).
Since the defendants merely assert no cause of action exists for such a tort the court doesn't feel it's appropriate CT Page 6343 to speculate as to whether if it does exist it has or has not been sufficiently alleged in this case.
Negligent Infliction of Emotional Distress, Fourth Count
The court has already ruled that the defendants' motion to strike the claim for negligent interference with business relationships should not be stricken given the context and manner which it was presented. The court has denied also the motion to strike the Second Count which seeks recovery for negligent infliction of emotional distress based on intentional interference.
This count is not "repetitive" in the sense as noted that this count is based on activities of interference said to be negligent whereas the second count claiming negligent infliction of emotional distress is based on what is alleged to be intentional interference with business relationships. A motion to strike cannot be used in any event to serve the function of a request to revise, cf Regal Steel Inc. vFarmington Ready Mix Inc. 36 Conn. Sup. 137, 139-140 (1980) The motion to strike the Fourth Count is denied.Breach of Contract, Fifth Count
In the Fifth count the plaintiff alleges a breach of contract. He refers to a compensation contract as to which in paragraph 9 it states that it is "attached hereto as Exhibit A." In the 10th paragraph he refers to its terms to support his claim in this count. Apparently he inadvertently failed to attach this agreement to the complaint. The plaintiff now seeks to take advantage of this by arguing that the terms of the compensation agreement are not part of the pleadings therefore the defendants references to it make her motion to strike a "speaking demurrer." That's not fair. Where exhibits are made part of the complaint they are part of the pleadings on a motion to strike Redmond v Matthies 149 Conn. 423,426 (1962)
Treating the compensation agreement as part of the complaint, however, doesn't allow me to grant this motion to strike. The agreement sets out the terms of compensation then in paragraph 2 states:
 "2. As a Regional Mortgage Counselor, you are responsible for developing and maintaining business CT Page 6344 relationships with the realtors in your designated territory"
Paragraph 10 of the Fifth Count says that pursuant to the compensation contract he "was responsible for developing and maintaining relationships with realtors in his designated territory and originating and closing loans in his designated territory. Paragraph 11 alleges a breach in that the defendants took the most productive towns in his territory from him.
The compensation agreement says that it constitutes the "entire compensation agreement".
There is nothing in the agreement about how the original territory was "designated". Was it based on an agreement between the parties? Did this designated area as opposed to others constitute the understanding between the parties of what the plaintiff's territory would be? What does "designated" mean -does that mean the territory was a dirkat of the bank as the plaintiff's employer? Does it merely mean that was the territory the defendant bank and the plaintiff agreed would be his area of work as part of the employment agreement?
Just because someone is an employee that doesn't mean he or she can't bargain for some or indeed all of the conditions of his or her labor. I can't determine the rights of the parties on this issue from the face of the agreement. The motion to strike this count is denied.
Negligent Infliction of Emotional Distress, Sixth Count
The defendants claim that the plaintiff seeks in this count to recover in an action for breach of contract damages for emotional distress. That would be inappropriate since "the ordinary rule is that mere breach of contract does not warrant recovery of either punitive or mental distress damages", Dobbs, Law of Remedies Vol. I, § 6.12 page 251, also see Vol. III § 12.5 pp. 107 et seq.
The plaintiff says the Sixth Count is really not a breach of contract claim; the count "simply includes the factual allegations of the Fifth Count (breach of contract count) as the bases of this claim for emotional distress (plaintiff's CT Page 6345 brief, p. 14). That won't do. To allow this argument would swallow the rule that emotional distress damages aren't permissible in breach of contract claims. What is the analytical difference between saying as a result of the breach of contract I claim monetary and emotional distress damages and on the other hand claiming damages for emotional distress because of a breach of contract?
That doesn't mean that the same conduct that caused the breach of contract couldn't form the basis for a claim for infliction of emotional distress but the breach of contract basis for such a claim as such is inappropriate.
This isn't a case where because of the nature of the contracted for activity damages for emotional distress would have been contemplated by the parties, Ross v Forest LawnMemorial Park 153 Cal.App.3d 988 (1984) (funeral director): then a claim for emotional distress as a result of breach of contract could be brought. Nor is this a situation where the contract created a special status or relationship between the parties so that some of the defendant's conduct is tortious even though it would not be tortious without the contract, e.g. Boyce v Creeley Square Hotel CO 126 N.E. 647 (NY 1920) (inn keeper), see Law of Remedies supra at § 12.5.(1), pages 108-109
The motion to strike is granted as to the Sixth Count.Breach of the Covenant of Good Faith Fair Dealing, SeventhCount
In the Seventh Count of the revised complaint the plaintiff alleges that the defendants deprived him of potential commissions by taking from him a certain "territory" he had previously worked in. He claims under the terms of the contract he had, each party had a duty to perform the agreement "fairly and in good faith". The plaintiff then alleges that the defendants breached this duty implicit in the contractual relationship.
The defendants have filed a motion to strike citingMagnan v Anaconda Industries Inc. 193 Conn. 558 (1984). They claim that this case held that the implied covenant of good faith and fair dealing stands for the proposition that in a whole gamut of negative occurrences an employer can inflict on an employee (demotion, firing, etc.) none can be challenged under contract theory or a variation thereof unless there is CT Page 6346 found to be an important violation of public policy.
The defendants I believe, however, fail to appreciate the nature of the plaintiff's claim. Magnan referred to the Restatement (Second) of Contracts which recognizes that there is an implied covenant of good faith and fair dealing "in every contract without limitation" — "Good Faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. ." Id. p. 566. Referring to the doctrine at p. 567 the court said it is: "Essentially. . . a rule of constructural designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless possibly, those terms are contrary to public policy".
The court went on to hold that in employment at will situations it would not apply this principle so as to "police managerial decisions" but only apply it in these situations where there is an "impropriety . . . derived from some important violation of public policy". Id. p. 572
The premise of Magnan then is really a finding that an employment at will situation is involved. The plaintiff's claim is that the compensation agreement does not establish that the employer here had the absolute discretion to deprive him of his "designated" territory. Given the fact and the good faith and fair dealing principle finds its origins in a theory of contract construction I cannot say that as a matter of law the defendants are entitled to have this count stricken. I know of no authority, Magnan included, that creates a presumption that all agreements between employer and employee must be interpreted in such a way is to give the employer absolute discretion to make decisions about the conditions of employment. This doesn't mean that the defendants won't prevail on a summary judgment motion after depositions, admissions and discovery set the terms of the compensation agreement in context. I however can't at this time grant the motion to strike as to the Seventh Count.Negligent Infliction of Emotional Distress, Eighth Count
This count is stricken for the same reasons as the court granted the motion to strike as to the Sixth Count. The CT Page 6347 underlying basis for this count is a breach of the covenant of good faith and fair dealing which is a contract claim.
The Eighth count as noted is stricken.
Unjust Enrichment, Ninth Count
In CBS Surgical Group Inc. v Holt 37 Conn. Sup. 555 at p. 558 the court set forth the three elements for an unjust enrichment claim (1) a benefit is conferred upon the defendant by the plaintiff (2) an appreciation or knowledge by the defendant of the benefit (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. The plaintiff says that the defendants "misstated" the law of unjust enrichment in our state. In Providence Electric Co. v Sutton Place 161 Conn. 242,246 (1971) the Supreme Court left out the second element. But in Providence Electric it is apparent that the defendant knew of the benefit that had been conferred on it. To not require the second element would make the rule inequitable as to defendants and recognize a departure in our state from what is generally recognized as a necessary element to this theory of recovery. Furthermore, CBS Surgical Group is a 1981 case and is not a trial court opinion but an opinion of the appellate session of the Superior Court which I consider binding on me.
In any event I agree with the plaintiff that he probably has met the requirements of the second element. He alleges the marketing plain he developed which benefited the defendants was done at the "request and direction" of the defendants.
I do have problems with the viability of this claim for other reasons. In the ninth paragraph the plaintiff alleges that "in addition to the plaintiff's responsibilities as Regional Mortgage Counsellor, the plaintiff was also required to develop and implement a marketing plan. ." In paragraph 12 he claims he "was not paid or compensated for his services rendered in developing and implementing a marketing plan."
However in the compensation agreement which the plaintiff referred to in his complaint as an exhibit, whose contents the plaintiff doesn't deny and for the reasons stated I will CT Page 6348 consider part of the pleadings, the following language appears in a cover letter.
 (1) "This letter will summarize the terms and conditions of employment we discussed last week. I have enclosed a proposed compensation agreement for your review and acceptance"
 (2) The second page says: "This agreement describes your compensation arrangement as a Regional Mortgage Counsellor. ."
 (3) The final page says: "This agreement constitutes your entire compensation arrangement with First Federal Bank and supersedes any prior written or verbal compensation agreements."
Since the compensation agreement is part of the pleadings I consider the above language a judicial admission and can't understand how the plaintiff can meet the first or third element of the CBS surgical rule especially since the language of this count does not indicate when in relation to the compensation agreement he was directed to develop a marketing plan.
The Ninth Count given its present language is stricken.
The ruling of the court is that only the Sixth, Eighth and Ninth count are stricken, the court denies the motion as to all other counts.
Corradino, J.