**Guenther ROSEMEIER, Plaintiff,**

v.

**SCHENKER INTERNATIONAL, INC. and Newbalt, Inc., Defendants.**

**No. 95 Civ. 563 (LAK).**

United States District Court, S.D. New York.

Aug. 14, 1995.

balt"). Defendants move pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the tortious interference claim.

Rosemeier was employed as president and chief executive officer of Schenker, a wholly owned subsidiary of Newbalt. (Cpt ¶3)[1] Rosemeier and Schenker entered into a benefits agreement on December 14, 1988 (Def. Ex. A), which provided that in the event that Rosemeier was terminated, Schenker "shall [make payments] begin[ning] with the month following ... his termination". (*Id.* ¶1.b.) The agreement further provides that the payments "shall be made on the 15th day of each month." (*Id.* ¶1.c.) Schenker terminated Rosemeier on September 4, 1991 (*see* Cpt ¶8), and the benefit payments were not forthcoming.

Plaintiff alleges that Newbalt interfered with the benefits agreement by directing Schenker on June 23, 1989 "to give no force and effect to the December 14, 1988 benefits agreement through a written board directive to not enter the December 14, 1988 benefits agreement in defendant Schenkers' Book of Minutes." (Cpt ¶12) Plaintiff alleges that Newbalt thereby caused Schenker to breach the contract. The only issue that needs to be addressed is whether plaintiff's claim against Newbalt is barred by the statute of limitations.

 New York law provides that a claim for tortious interference of contract is subject to a three year statute of limitations. N.Y.C.P.L.R. § 214(4) (McKinney 1993); *Mannix Industries, Inc. v. Antonucci*, 191 A.D.2d 482, 483, 594 N.Y.S.2d 327, 329 (2d Dep't), *appeal dismissed without opinion*, 82 N.Y.2d 846, 606 N.Y.S.2d 597, 627 N.E.2d 519 (1993); *Kartiganer Assoc., P.C. v. New Windsor*, 108 A.D.2d 898, 899, 485 N.Y.S.2d 782, 784 (2d Dep't), *appeal dismissed*, 65 N.Y.2d 925 (1985). The cause of action accrues at the time the injury is sustained, rather than the date of defendant's alleged wrongful act or the date of discovery of the injury by the plaintiff. *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, 595 N.Y.S.2d 931, 934, 612 N.E.2d 289, 292 (1993); *Johnson v.*

Philip J. Smith, Rowland & Petroff, New York City, for plaintiff.

Thomas R. Jones, Kevin J. Burke, Janet A. Beer, Cahill Gordon & Reindel, New York City, for defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action, brought under New York law, seeks compensatory and punitive damages for alleged breach of a contract between plaintiff Guenther Rosemeier and defendant Schenker International, Inc. ("Schenker") and alleged tortious interference with that contract by defendant Newbalt, Inc. ("New-

---

1. On October 27, 1992, Newbalt was merged into its wholly-owned subsidiary Schenkers International Forwarders, Inc., which became Schenker on July 1, 1993. (*See* Answer ¶¶1, 3).

*Nyack Hospital,* 891 F.Supp. 155, 166–67 (S.D.N.Y.1995).

■ Rosemeier sustained injury from Newbalt's alleged tortious interference with the benefits agreement when Schenker failed to make the first of the agreed-upon monthly benefit payments to Rosemeier. The failure to make the monthly payments began on the 15th day of October 1991, the month following Rosemeier's termination. (*See* Cpt ¶ 9) Plaintiff's claim against Newbalt therefore accrued on October 15, 1991. Rosemeier's complaint was filed on January 26, 1995, more than three months after the limitations period expired.

Accordingly, defendants' motion to dismiss the Second Cause of Action is granted. As this fully disposes of all claims against Newbalt, there is no just reason for delay and the Clerk shall enter judgment dismissing as to Newbalt pursuant to Rule 54(b).

In view of this disposition, the Court need not address the other ground on which defendants moved. Defendants' motion for sanctions is not well founded and is denied.

SO ORDERED.