■ MANNIX INDUSTRIES, INC., Appellant, v ROBERT ANTONUCCI et al., Respondents. [662 NYS2d 814] —In an action, *inter alia*, to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered July 2, 1996, which, upon a jury verdict in favor of the defendants and against him, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

In this case arising out of a construction contract, the plaintiff, Mannix Industries, Inc., claims that the defendants, including a firm of architects and engineers retained to administer the contract, acted with malice in making certain statements which caused the termination of the contract.

We agree with the plaintiff that the trial court erred in requiring it to prove the defendants' malice by clear and convincing evidence. It is undisputed that this case concerns private parties involved in a matter of private concern (*see, Weldy v Piedmont Airlines*, 985 F2d 57; *Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196; *King v Tanner*, 142 Misc 2d 1004). To the extent that *Murphy v Herfort* (140 AD2d 415) is to the contrary, it is not to be followed.

However, contrary to the plaintiff's contention, the trial court's denial of its motion to amend the complaint to assert a cause of action for tortious interference with a contract did not, under the facts of this case, constitute reversible error (*see,* CPLR 3025 [c]). As previously stated in an earlier appeal to this Court, the gravamen of the plaintiff's second cause of action to recover damages for prima facie tort was that the defendants' conduct interfered with an existing contract (*see, Mannix Indus. v Antonucci*, 191 AD2d 482). In fact, we note that the court charged the jury on the tort of tortious interference with a contract.

The plaintiff's remaining contentions are either unpreserved for appellate review, without merit, or need not be reached in view of the foregoing analysis. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.