[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has brought this action against Barbara Hulse and Fran Stawicki (the "defendants"), and against their employer Madison Direct Marketing, Ltd. ("Madison"). The plaintiff alleges in the complaint that in April of 1995 she was employed by Madison as a production specialist. After a transfer to "the Operations Department as Manager of Operations under the supervision of Defendant, Barbara Hulse," the plaintiff was paid a salary and was a participant in a profit sharing plan under CT Page 10699 which she was to receive additional compensation based upon the attainment of pre-established production levels. The plaintiff alleges that in September of 1996 she was improperly and illegally terminated from Madison, prior to receiving her bonus for the 1996 fiscal year. In the first count of the complaint, the plaintiff alleges that the defendants Hulse and Stawicki committed intentional interference with the business and economic relationship that the plaintiff had with Madison by conspiring to solicit and promulgate "back-dated and altered written evaluations of plaintiff's performance," therefore "[importuning Madison] to terminate its employment contract with plaintiff in order to avoid the payment of plaintiff's bonus under the profit sharing plan."
The defendants filed a motion to strike the first count of the complaint on the ground that the first count is legally insufficient to set forth a cause of action upon which relief can be granted arguing that the plaintiff fails to allege facts sufficient to support one of the elements of a claim for intentional interference with a business or economic relationship. The plaintiff contends that she has alleged sufficient facts to state such a claim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). However, the court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752
(1988). CT Page 10700
"`[The] court has long recognized a cause of action for tortious interference with contract rights or other business relations.'" Resurrection Espinosa v. Connecticut College, Superior Court, judicial district of New London at New London, Docket No. 522872 (June 27, 1994, Leuba, J.), quoting Blake v.Levy, 191 Conn. 257, 260, 464 A.2d 52 (1983). "The elements of tortious interference with a business relationship are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff." Resurrection Espinosa v. Connecticut College, supra, Superior Court, Docket No. 522872, citing Hart, Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 629,548 A.2d 758 (1988). "It is well settled that a plaintiff must plead improper motives or means on the part of the defendant in order to sustain a cause of action for tortious interference with contractual relations. . . . The requirement that the defendant's conduct be tortious may be satisfied by showing that `the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.'" (Citation omitted.) Hodgson v. Paterson, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139519 (November 28, 1994, D'Andrea, J.), quoting Blake v. Levy, supra,191 Conn. 261
"A different rule, however, applies where tortious interference is alleged against someone who is directly or indirectly a party to the contract. . . . An officer or director of a corporation acting within the scope of his authority and on behalf of the corporation may not be held liable for interference with a contract of the corporation although there are circumstances under which personal liability may attach. . . . In order to deprive a corporate employee of his immunity, the plaintiff must establish that he acted solely for his own benefit and benefit to the corporation played no role therein. . . . Such a defendant is insulated from liability even if his actions were motivated in part by self-interest, provided he believed he was serving the corporate defendant." (Citations omitted; internal quotation marks omitted.) Resurrection Espinosa v. ConnecticutCollege, supra, Superior Court, Docket No. 522872.
"An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a CT Page 10701 third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. Bowman v. Grolsche Bierbrouweij B.V., 474 F. Sup. 725,733 (D. Conn. 1979). An agent, however, can be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain. Id. In Vassardakis v. Parish, 36 F. Sup. 1002,1004-1005 (S.D.N.Y. 1941), the court held that an officer or employee actuated solely by self-interest could be held liable in tort for inducing his principal to dismiss another employee. Still later, the court in Bradkin v. Leverton, 32 N.Y. App. Div.2d 1057, 1058, 303 N.Y.S.2d 1020 (1969), stated that tort liability should be swiftly imposed whenever an officer, director, employee or stockholder induces a breach of contract for private benefit or to satisfy personal feelings against a third party." Murray v. Bridgeport Hospital, 40 Conn. Sup. 56,60-61, 480 A.2d 610 (1984). Thus, "[t]o pursue a claim for tortious interference with employment, a plaintiff must allege that the defendant intentionally interfered with or disturbed her employee-employer relationship, either for some improper motive or by some improper means." Daley v. Aetna Life Casualty, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533693 (August 3, 1994, Sheldon, J.), citingBlake v. Levy, supra, 191 Conn. 260-62.
In paragraph 12 of the first count, the plaintiff alleges that "[t]he defendants Barbara Hulse and Fran Stawicki, with knowledge of plaintiff's business and economic relations with defendant [Madison], and for their own benefit and advantage conspired to interfere with plaintiff's business and economic relations with [Madison] by among other things, soliciting the promulgation of and by promulgating back-dated and altered written evaluations of plaintiff's performance as an employee of [Madison]." Paragraph 13 alleges that Madison "was importuned to terminate its employment contract with plaintiff in order to avoid the payment of plaintiff's bonus under the profit sharing plan which would become due upon the expiration of the calendar and fiscal year 1996," and paragraph 14 alleges that "[a]s a result of said scheme, plaintiff's employment contract with [Madison] was improperly and illegally terminated in order to benefit and gain advantage for defendants Barbara Hulse and Fran Stawicki." Construing the allegations in these paragraphs in a manner most favorable to sustaining the legal sufficiency of the complaint, and considering not only the facts therein alleged but also those facts necessarily implied by and fairly probable under CT Page 10702 them, the plaintiff has sufficiently stated a claim for intentional interference with business or contractual relations against the defendants. The facts alleged at least imply that the defendants induced a breach of the employment contract for their private benefit, and therefore the defendants' motion to strike is denied.
D'ANDREA, J.